JAMES CLOVER vs. NORAH URBAN.

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 10th—decided June 18th, 1928.

*William B. Fitzgerald,* with whom, on the brief, was *Edward B. Reiley,* for the appellant (defendant).

*Charles G. Root* and *Miles F. McNiff,* for the appellee (plaintiff).

HAINES, J. The finding discloses that the defendant, Norah Urban, brought an action in the City Court of Waterbury, against one Kasimir Klovar, by writ dated November 13th, 1917. No one appeared to defend the action, and January 3d, 1920, judgment by default was rendered for Norah Urban, for $286 and costs. By writ dated June 24th, 1920, she brought an

action on this judgment, against the present plaintiff, James Clover, attaching therein some of his property. Kasimir Klovar is not and never was the name of the present plaintiff, James Clover, and he has never been known by that name. The officer who served the writ in the original action in 1917 against Kasimir Klovar, left a copy of the papers in the outer hall of a house, the first floor of which was occupied by the present plaintiff, James Clover, and the second floor and hall by another tenant. The hall was not within the apartment occupied by James Clover, but could be, and at times was, used by the family of James Clover. No other service was made, and James Clover never received a copy of the papers or knew that it had been left there by the officer. James Clover cannot read English. The first knowledge he received that the action had been brought or the judgment rendered was when he was served with papers in the action of debt on judgment in July, 1920.

The name Kasimir Klovar was neither the name nor the description of the present plaintiff, James Clover, and the latter never had an opportunity to defend the original action.

The defendant, Norah Urban, claimed that the officer made due service when he left a copy of the process in the original action, at the usual place of abode of James Clover, even though the latter never received actual notice of the pendency of the action, and even though he cannot read; and, further, that if, on the foregoing facts, the City Court of Waterbury had no jurisdiction by reason of void service, yet the present plaintiff, James Clover, had an adequate remedy by pleading these facts in the action of debt on judgment.

The court held, however, that James Clover did not have his day in court in the original action, that he had

no adequate remedy at law, and that an injunction should issue restraining Norah Urban from the further prosecution of her action of debt on judgment against him or otherwise attempting to collect the judgment from him. Judgment was issued accordingly with costs.

These conclusions of the court, and the appellant's claims of law overruled, are the subject of the present appeal.

The initial question is whether the officer made due service of process in the original action, and that is to be determined by the finding which stands unchallenged. The copy was left "in the outer hall of a house occupied by two tenants, one part occupied by James Clover, the other part by another family which occupied the upstairs tenement *and said hall,* which hall could be and was at times used by the family of James Clover," but "was not within the apartment occupied by James Clover as a dwelling and home, nor used except as indicated in the preceding paragraph." No copy or knowledge of the process was ever brought to the attention of James Clover. We must assume from the facts as stated, that not only was the hall a part of the apartment of the other family, but that James Clover had no interest in it further than the privilege of occasional use.

Our statute provides that service of civil process may be made at the usual place of abode of the defendant. General Statutes, §5591. The chief purpose of this requirement is to ensure actual notice to the defendant that the action is pending. *Grant* v. *Dall1-ber,* 11 Conn. 233, 237; *Clegg* v. *Bishop,* 105 Conn. 564, 569, 136 Atl. 102.

In a sense it is of course true that Clover had his "usual place of abode" in Waterbury and in the apartment house in question, but it is manifest that leaving

a copy of process anywhere in Waterbury or anywhere in the apartment house, would be insufficient. To accomplish the purpose of the statute, service should have been made at the apartment occupied by Clover. This did not include the outer hall used by the other tenant in connection with his apartment and occasionally used by Clover, any more than it included the walk from the street to the house, or the yard which the tenants used in common. In legal view, the apartments in a house of this character are as separate and distinct as though under separate roofs. Clover's place of abode was as much a separate and distinct habitation as though in a building by itself. The outer hall was merely a passageway for his use in common with other tenants, and his place of abode was not reached from the street until one came to the door which led into his own apartment. The door of the apartment of each tenant is his outer door. *Fourette* v. *Griffin*, 92 Conn. 388, 390, 391, 103 Atl. 123; *Swain* v. *Mizner*, 74 Mass. (8 Gray) 182; 1 Swift's Digest, p. 607. Leaving the copy of the process in the outer hall was much the same, and it failed as completely as if it had been left on the common sidewalk or in the common yard.

We are obliged to hold, therefore, that the service under discussion was invalid and void, without regard to the inability of Clover to read or whether he was the real party intended by the process or not. Since it is conceded and found that no other service was made, it follows that the City Court of Waterbury never acquired jurisdiction of James Clover or of Kasimir Klovar and was without jurisdiction to enter the judgment in favor of Norah Urban against either. *Strong* v. *Strong*, 8 Conn. 408, 412; *Perry* v. *Hyde*, 10 Conn. 329, 337.

"It is an acknowledged principle . . . of every court

in the world, that not only the decisions, but everything done under judicial process of a court, not having jurisdiction, are, *ipso facto,* void." *Martin* v. *Hunter's Lessee,* 14 U. S. (1 Wheat.) 304, 364.

The appellant contends, however, that even under these circumstances, James Clover cannot maintain the present action because he has an adequate remedy at law in the action of debt on judgment. The court reached the conclusion that he did not have an adequate remedy, but that conclusion is of course reviewable.

The relief which James Clover seeks in this equitable action, and to which the finding entitles him, is an order not only restraining the further prosecution of the action of debt on judgment in the City Court of Waterbury, but of all proceedings of whatever sort which Norah Urban might otherwise take for the collection of that judgment from him. It is difficult to see how full and adequate relief of this scope was open to him in the City Court action. Holding, as we do, that that judgment was utterly void and of no effect, it would be a futility and an injustice to hold, even if it could be done by a strict construction of our rules of procedure, that this plaintiff should go back to the City Court to plead in a case brought eight years ago of the present status of which we have no information, when the rights of the parties are already clear.

We hold that the issuance of the injunction by the District Court of Waterbury was not erroneous and, should be sustained.

There is no error.

In this opinion the other judges concurred.