IRENE F. SEIFERT, PETER SEIFERT
vs.
MORRIS APRIL, ET AL.

| Superior Court | Fairfield County | File #44606 |
| | | #44607 |

Bartlett, Keeler & Cohn,  · Attorneys for the Plaintiff.

David R. Woodhouse; .
Robert J. Woodruff;        Attorneys for the Defendant.

Present:   Hon. JOHN A. CORNELL, Judge.

CORNELL, J. The original writ names as defendants, Morris April, X. April and Y. April, doing business under the firm name of Morris April & Brothers and Helms M. Morrell, all of Bridgeton, N. J., and Carl T. Ralph of Bridgeport, Conn.

Service on the defendants Morris April, X. April and Y. April, as also, the defendant, Morrell, was attempted to be made under the provisions of **General Statutes, Sec. 5473**.

The sheriff's return shows that after having served the defendant Ralph, he left with the Commissioner of Motor Vehicles "four true and attested copies for the following defendants:" (naming the Aprils and Morrell). It says nothing about compliance with the other provisions of the statute and it is conceded that there was a failure to send "to the defendant, by registered mail, postage prepaid, a true and attested copy with (his) endorsement thereon of the service upon said Commissioner, addressed to each defendant at his last known address".

It appears that the sheriff otherwise failed to follow the provisions of the statute in manners not material here.

On May 29, 1934, the plaintiff filed a motion in which he set up in effect, the fact that he had mistaken the defendants April for the true defendant in that Morris April & Bros. "is a corporation and not a combination of individuals doing business under the firm name of "Morris April & Brothers".

He prayed that the corporation be cited in as a party defendant, following which the motion was granted on June 8, 1934. An amendment having been filed to the complaint in which the corporation, "Morris April & Bros." were substituted in place of the Aprils as individuals doing business under the firm name referred to supra, a citation was issued on June 8, 1934 to it to appear.

This citation required "sending a copy of the amended complaint, the order and citation thereon by registered mail to the Commissioner of Motor Vehicles at Hartford, and by

him to be forwarded to the defendant, 'Morris April & Bros.' to appear . . . etc. . . ."

The sheriff's return, dated June 12, 1934, shows a strict compliance with the terms of this order.

While the point is not made in the motion under discussion, it may be remarked in passing that the service upon the Motor Vehicle Commissioner directed in the citation is not as prescribed in **General Statutes, Sec. 5473**, and is unauthorized by any other statute of this state. The order only required that a copy of the process be sent by registered mail to the Commissioner of Motor Vehicles and that the Commissioner then forward it to defendant.

The statute prescribes that the process be served on the Commissioner by leaving with him "a true and attested copy thereof" and that "a like true and attested copy be mailed to the defendant." This placed the duty on the officer serving the process, and not upon the Commissioner to mail the copy to the defendant. Hartley vs. Vitiello, 113 Conn. 74, 79.

The facts noted form the basis of the instant motion; which is preferred by the defendant corporation apparently as the result of the citation mentioned. No attachment of property of any of the Aprils individually, nor of Morris April & Brothers has been made.

It has been said that "the chief purpose (of the requirements of **General Statutes, Rev. 1918, Sec. 5591, now Rev. 1930, Sec. 5468**) is to ensure actual notice to the defendant that the action is pending", Clover vs. Urban, 108 Conn. 13, 16; and that the design of **General Statutes, Rev. 1930, Sec. 5473** to afford a means for attaining an equivalent result on a non-resident defendant. Coombs vs. Darling, 116 Conn. 643.

It is held that failure to comply with the provisions of **Sec. 5468** to the extent of failing to leave a copy of process at the usual place of defendant's abode, results in a complete failure to acquire jurisdiction of him. Clover vs. Urban, 108 Conn. 13, 17, 18; and that the provisions of **Sec. 5473** confer jurisdiction over a non-resident defendant, only because service of process in accordance therewith 'will bring about a reasonable probability that he will receive actual notice of the bringing of the action. . . ." Hartley vs. Vitiello, 113 Conn. 74, 78. The statute would, otherwise be ineffective to

confer jurisdiction.   Wuchter vs. Pizzuitti, 276 U. S. 13, 48, Sup. Ct. 259.

"The leaving of a copy with or at the office of the Commissioner and the sending of a copy to the defendant are by the statute both made a part of the service of process and are linked up in such a way that the legislature obviously regarded them as parts of one act".   Hartley vs. Vitiello, supra, p. 79.

It seems obvious that failure to order or comply with the particular provision of this statute under discussion, resulted in no service at all upon the moving defendants and no jurisdiction of them has been acquired.   Clover vs. Urban, supra; Persky vs. Puglisi, 101 Conn. 658, 664.

Plaintiffs claim, however, that the defect in service is mere matter of abatement.   That contention ignores the distinction between merely formal or circumstantial defects and omissions which result in a complete failure to achieve any jurisdiction at all.   Hudson vs. Roberts, 104 Conn. 126; Clover vs. Urban, supra; Persky vs. Pizzili, supra; Murphy vs. Elms Hotel et al, 104 Conn. 351, 21 R. C. L. 592, Sec. 140; Beall vs. Blake, 13 Ga. 217, 58 Ann. Cas. 513.

It is next contended that in any event the fact that the defendants have appeared specially for the purpose of contesting the jurisdiction in itself, shows that they have actual notice and therein the chief aim and intendment of the statute is attained.

While it is the purpose of the statute to give notice to the defendant of the commencement of the action, it is a non-sequitur to say that the fact that the defendant acquires notice betokens a compliance with the statute.

To confer jurisdiction it is not enough that defendant acquire notice of the pendency of the cause—the notice must result because of the fact that the statutory provisions have been carried out.

"If he does not comply strictly with the requirements of the statute the service is insufficient, although as a matter of fact what was done may have been a better method of giving the defendant notice of the proceedings against him than the method prescribed by law.   The statute having prescribed what is necessary to constitute good substituted serv-

ice, the court cannot dispense with any of its requirements and substitute something else in place of it." Park Land & Imp. Co. vs. Lane, 106 Va. 304, 55 S. E. 690, 691.

See also, Carroll vs. Muller, et al, 31 Ga. Ap. 209, 120 S. E. 548.

To the same effect is Schilling vs. Adlebok, 177 Minn. 90, 224 N. W. 694.

Likewise, where the statute did not prescribe the mailing of a copy of the process to a defendant in another state, but the plaintiff adopted voluntary means of notifying him, the following observation was made:

"But it is said that the defendant had actual notice by service out of New Jersey in Pennsylvania. He did not, however, appear in the cause and such notice was not required by the statute. Not having been directed by the statute, it cannot, therefore, supply constitutional validity to the statute or service under it." Wuchter s. Pizzutti, 276 U. S. 13, 24.

Other claims made by the plaintiff require no discussion, with the possible exception of that one in which it is contended that the defendant has waived the defect in service by appearing and making the instant motion.

Without considering the question of whether the process is so far void as to him as to be incapable of being waived, it is sufficient to note that such appearance has been made and such participation in the proceedings as has taken place, afford an insufficient basis upon which to predicate a waiver.

Where the defect is a curable one, and a party, voluntarily submits to the jurisdiction of the court whether by stipulation or by seeking an adjudication of the matter in which he is concerned, he cannot, afterwards, avoid the effect of a decision which by such conduct, he has invited. Hudson vs. Roberts, supra; Burr vs. Ellis, 91 Conn. 657, 662; Persky vs. Puglisi, supra; Receiver Middlesex Banking Co. vs. Realty Investment Co., 104 Conn. 206.

The minimum conduct on the part of a defendant, not otherwise amendable to the judgment of a court, indicative of a submission to its authority, would be the entering of a general appearance in the cause. Pine vs. Wencke, 117 Conn. 683.

Here the moving defendant has entered a special appearance, only, and its only participation in the proceedings is not an act of submission, but a challenge to its right to so adjudicate as to affect its interests.

The considerations noted require that the motion to erase be granted as to the moving defendant.