SALVATORE CUGNO *v.* FELIX KAELIN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 9—decided November 13, 1951

*Maurice W. Rosenberg,* for the appellant (plaintiff).

*Edward B. Scott,* for the appellee (named defendant).

BALDWIN, J. In this action upon a judgment, the defendant, Felix Kaelin, interposed a defense that the judgment as against him was void because no process was legally served upon him in the action in which it was rendered. The trial court sustained this defense and the plaintiff has appealed.

The finding, with the addition of facts that are admitted or undisputed, so that it presents more clearly the question of law involved (Maltbie, Conn. App. Proc. § 93), discloses the following: On December 23, 1948, the Court of Common Pleas at Hartford rendered judgment for the plaintiff to recover of Felix Kaelin and his son Spencer the sum of $1800 plus costs. That judgment has not been paid. At the time the action was brought, Felix lived on the third floor of a three-family house, each apartment of which had a separate entrance. Spencer occupied the second floor. The return of the constable states that he served the defendants, Spencer and Felix, "by leaving at their usual place of abode a true and attested copy of the original writ, summons and complaint." He had left the copy of the original writ, summons and complaint in the hallway under the door that led to Spencer's apartment.

The only question presented by the appeal is whether the defendant Felix was properly served in the original action so that the court acquired jurisdiction and could render a valid judgment against him. General Statutes, § 7774, provides that "process in any civil action shall be served by leaving a true and attested copy of it . . . with the defendant, or at his usual place of abode, in this state." Taken literally, the return of the constable does not certify that he left a separate

copy of the process at the usual place of abode of the defendant Felix. In any event, an officer's return is only prima facie evidence of the facts stated therein. It may be contradicted and the facts shown to be otherwise. *Palmer* v. *Thayer*, 28 Conn. 237, 242; *Buckingham* v. *Osborne*, 44 Conn. 133, 141; *Coast & Lakes Contracting Corporation* v. *Martin*, 92 Conn. 11, 16, 101 A. 502.

The law is that the apartments in a house of the character of that in which Felix and Spencer lived are as separate and distinct as though they were under different roofs. Each had a single place of abode, a habitation as much apart from the other as though each lived in a building by himself. The door of the apartment of each tenant is his outer door. Therefore, service at the door of, or. in the hallway to, Spencer's apartment was not service at the "usual place of abode" of Felix. *Clover* v. *Urban*, 108 Conn. 13, 17, 142 A. 389; *Fourette* v. *Griffin*, 92 Conn. 388, 391, 103 A. 123; see *United States Guarantee Co.* v. *Giarelli*, 14 Conn. Sup. 400; 1 Swift's Digest 593. The service of the process in the manner found was a nullity, and the court acquired no jurisdiction over the person of the defendant Felix which would authorize it to render a valid judgment against him.

There is no error.

In this opinion the other judges concurred.