Elda Pozzi et al. *v.* Mary K. Harney et al.

Superior Court      Hartford County      File No. 127393

Memorandum filed March 7, 1963

*Salvador A. Fasi,* of Hartford, for the plaintiffs.

*Regnier, Moller & Taylor,* of Hartford, for the defendants.

Klau, J. The defendants move to strike and dismiss this action on the ground that no service of any kind was made upon them and no service was made at the defendants' usual place of abode. The plaintiffs claim that service was made at the usual place of abode of the defendants. A hearing on this issue was held and testimony offered by the parties.

The following facts are found: The return of the deputy sheriff Cwikla, as appears on the writ, states that on October 16, 1961, he left a true and attested copy of the writ at the usual place of abode of each of the defendants. On October 16, 1961, and for several years prior thereto, the defendants, husband and wife, lived in a first-floor apartment, known as apartment 1-A, of a six-family multiple dwelling located at 9 Owen Street in the city of Hartford. The deputy sheriff, who was given the

writs by the plaintiffs' attorney to serve and who made the return, went to 9 Owen Street between 7:30 p.m. and 8 p.m. on October 16, 1961, a day prior to the expiration of the Statute of Limitations with respect to the plaintiffs' negligence action, rang the bell located in the outer vestibule which indicated the defendants' apartment, and then, after waiting a very short while, opened the door to the inner hall, found the door of apartment 1-A on the first floor right, and pushed two copies of the writ and complaint, one for each defendant, at least half way under the door into the interior of the apartment. The door was the only one leading into the defendants' apartment from the hallway. The deputy sheriff then left, without knocking on the door or endeavoring to ascertain whether anyone was inside the apartment. At the time the deputy sheriff pushed copies of the writ under the door, the defendants were at home. The defendant wife was very ill and was awaiting entrance into the hospital. The defendants were home the morning of October 17, 1961, and sometime during the day the defendant wife went into the hospital suffering from a condition which proved to be fatal. She died eleven days later. The defendant husband is a distributor for some type of merchandise and used his apartment as his office. The mailman, in delivering mail to him, frequently pushed it under the door, and the defendant husband was accustomed to picking up his mail in that manner, although his prior attention in picking up his mail was directed to first class mail and especially mail which he thought contained a check. During the days immediately following October 16, the defendant husband was deeply concerned and worried about his wife's condition. The defendants, through their attorney, became aware in November, 1961, that the writ, which was returnable the first Tuesday of November, 1961, had been returned by the

sheriff to the clerk of the Superior Court in Hartford County, with his return as above indicated appearing thereon.

The issue presented here is whether service has been made in accordance with the requirements of the statute. Section 52-57 provides: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state. . . ."

"Section 52-57 provides for in personam service and by two methods: (a) by common-law service, that is, actual manual delivery of the process to the defendant himself within the state, or (b) by abode service, sometimes termed substituted service, that is, by leaving a copy of the process at the defendant's usual place of abode within the state. Under § 52-57, either mode of service is adequate for an in personam judgment. *Hurlbut* v. *Thomas,* 55 Conn. 181, 182 . . . ; see *Clegg* v. *Bishop,* 105 Conn. 564, 572 . . . ; *Dorus* v. *Lyon,* 92 Conn. 55, 57 . . . ; Stephenson, Conn. Civ. Proc. § 4(a). Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. Stephenson, loc. cit. Its chief purpose is to ensure actual notice to the defendant that the action is pending. *Clover* v. *Urban,* 108 Conn. 13, 16 . . . . The place where one would be most likely to have knowledge of a service by copy would be at his usual place of abode. *Clegg* v. *Bishop,* supra, 569." *Smith* v. *Smith,* 150 Conn. 15, 19.

There is no question that apartment 1-A at 9 Owen Street in Hartford, Connecticut, was the usual place of abode of the defendants. The sole question is whether the service made by the deputy

sheriff as indicated met the requirements of § 52-57 by "leaving a . . . copy . . . at" the usual place of abode. In order to satisfy this provision of the statute, certain basic requirements must be met. The process must be left at the usual place of abode of the defendant in such a place and in such a manner that it is reasonably probable the defendant will receive the notice of the action against him. *Sours* v. *Director of Highways,* 172 Ohio St. 242; note, "Place or manner of delivering or depositing papers, under statutes permitting service of process by leaving copy at usual place of abode or residence," 87 A.L.R.2d 1163. The fact that in a particular case the person does not receive the notice does not invalidate the service.

The door leading into the defendants' apartment under which the deputy sheriff pushed the writ was the door to the defendants' usual place of abode. *Clover* v. *Urban,* 108 Conn. 13, 17. While pinning, tying or otherwise attaching a complaint to an outside door, where the complaint is subject to a number of outside influences over which the party to be served has no control, is generally not sufficient to constitute effective service, yet where the complaint is left inside the confines of the dwelling by slipping it beneath the door the service has been held permissible. *Cugno* v. *Kaelin,* 138 Conn. 341; *United States* v. *N. Tully Semel, Inc.,* 88 F. Sup. 732 (D. Conn.); note, 87 A.L.R.2d 1163, 1172; see *Kletchko* v. *Shupp,* 24 Ohio Dec. 306. In view of the fact that the writ in the present case was actually at least half way within the apartment of the defendants at a time when the defendants were actually at home, and in a place where the defendant husband usually found his mail, the writ was left at the usual place of abode of the defendants in such a manner that it was reasonably probable that the defendants would receive notice of the

action against them. The requirements of § 52-57 for service of process at the usual place of abode of the defendants have been fulfilled. Service in this action has been made upon the defendants by leaving a true and attested copy of the process at the usual place of abode, and the plaintiffs have secured personal jurisdiction over them. See *Smith* v. *Smith,* supra. Consequently, the motion to strike and dismiss for want of jurisdiction is denied.