[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO REOPEN
The court finds that the defendant was not in fact residing at 101 Platts Mill Road, Naugatuck, Connecticut when service was made at that address.
The issue remains as to whether such address was his "abode" for the purposes of jurisdiction through abode service under Connecticut General Statutes Section 52-57 (a). "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice." Stephenson, Connecticut Civil Procedures Section 4(a). Its chief purpose is to give actual notice to the defendant of the pending action, at the place where one would be most likely to have knowledge of a service by copy. Clover v. Urban, 108 Conn. 13, 16
(1928); Clegg v. Bishop, 105 Conn. 564, 572 (1927); Smith v. Smith, 150 Conn. 15, 20 (1962).
The defendant owned the property at which service was made. Such property served as his only mailing address, legal address for motor vehicle department purposes and address at which he could be reached by his attorney in other litigation in which defendant was involved. CT Page 2543
The defendant's former wife, son [who both resided at adjacent property on Platts Mill Road, Naugatuck] and brother [who worked at the Post Office in Naugatuck] never knew where the defendant could be located. The defendant adopted an unusual life style of intermittent places to stay: friends' homes, trailer at his employer's work site and area motels.
The defendant was thus extremely difficult for even his family, with whom he was not estranged, to contact.
The address at which the defendant was most likely to be reached was the property which he owned and rented out, located at 101 Platts Mill Road.
The plaintiffs have thus made proper abode service, as testified to by their sheriff.
The defendant's motion to dismiss is denied since service of process was not defective.
The defendants have also moved to reopen the judgment of foreclosure by sale.
The court finds credible the defendant's claim that he failed to receive actual notice of this action.
The motion having been made pursuant to Section 377 of the Rules of Practice within four months of the date of such judgment is timely. The defendant has significant equity in the property which is subject to this foreclosure action.
The court finds reasonable cause to reopen based on: the failure of defendant to receive notice in this action and the action in the case from which the judgment lien arose; the assertion of a defense to the underlying action by defendant in his testimony and the defendant's substantial equity in the property.
The court does not by this decision seek to in any way determine the outcome of motions in the case from which the judgment lien arose. The facts of that case will determine the resolution of motions in that file.
Pursuant to Practice Book Section 377, the terms of the order vacating the judgment of foreclosure by sale are that the defendant pay all costs including committee costs.
Motion to dismiss is denied.
McWEENY, J. CT Page 2544