[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND OBJECTION THERETO; OBJECTION TO DEFAULT AND OBJECTION THERETO
This action was commenced against the defendants, Linda Murdick and Thomas Smith, by an application for a prejudgment remedy against Smith. The defendants were served pursuant to G.S. 52-278c on July 12, 1990. The defendant, Murdick, appeared by counsel on July 25, 1990 and the prejudgment remedy against the non-appearing defendant, Smith, was granted on October 22, 1990. Service pursuant to G.S. 52-278d after the granting of the prejudgment remedy was only made on the defendant Smith, but; not on the defendant, Murdick, on November 13, 1990. Default for failure to plead was granted on April 25, 1991 against the defendant Murdick. On June 10, 1991 an objection to the motion or default was filed alleging that the failure to serve Murdick with a signed complaint and writ of summons and no return date being stated, resulted in no case being currently pending against Murdick. Subsequently on August 5, 1991 the defendant filed a motion to dismiss alleging the same factual matters and claiming the court has neither subject matter nor personal jurisdiction. The plaintiff has filed objections to the objection to default and the motion to dismiss.
C.G. 52-27 requires service to be made "with the defendant, or at his usual place of abode, in this state." Cugno v. Kaelin, 138 Conn. 341, 342. The purpose is to ensure actual notice to the defendant that the action is pending. Smith v. Smith, 150 Conn. 15, 20. The defendant has been served pursuant to G.S. 52-278c and appeared by counsel on July 25, 1990. The only prejudgment remedy requested or obtained was on the real property of the defendant, Smith. He was subsequently served pursuant to G.S. 52-278d(b). However, the defendant, Murdick, has not been so served. The defendant Murdick, claims she is entitled to the sanction contained in G.S. 52-278j which only applies to the prejudgment remedy for which she has no standing. Furthermore, that statute is not CT Page 8337 jurisdictional. Baldwin Piano Organ Co. v. Blake, 185 Conn. 295,299.
Although there is no provision in G.S. 52-278d(b) as to serving again a defendant against whom a prejudgment remedy was not requested, it does appear to be a logical interpretation of the statute that defendants who receive notice of the prejudgment remedies prior to a hearing of them should likewise be given the notice after such hearing or failure to hear required by G.S. 52-278d(b) before further pleadings are necessary, and although the proper motion to have been filed was a motion to reopen default, I will so regard the objection to default.
For the above reasons the court denies the Motion to Dismiss and grants the motion to reopen default.
CORRIGAN, J.