[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS, #109
ISSUE
Whether the court should hold an evidentiary hearing to determine whether service was made at the usual place of abode of the defendant.
FACTS
The following facts are alleged in the memorandum accompanying the motion to dismiss. The plaintiff, Elmcrest Psychiatric Institute, is attempting to institute an action against the defendant Albert LeClaire, Sr.[1] by having a sheriff leave a copy of the writ, summons and complaint at his usual place of abode, 71 Mountain Top Lane, New Haven, Connecticut.[2] The sheriff's return indicates that abode service was made at this address on October 29, 1991.
The defendant now moves to dismiss this action on the ground that, at the time the process was served, this address was not the defendant's usual place of abode.[3]
The defendant has filed an affidavit with this motion which states, in its entirety: "I, Albert LeClaire, Sr., duly sworn, deposes [sic] and states [sic]: (1) That I am over the age of eighteen (18); (2) That I believe in the obligation of an oath; (3) That I did not live at 71 Mountain Top Lane, New Haven on or after October 1, 1990." The plaintiff has not filed an objection or an affidavit or a memorandum in opposition.
DISCUSSION
Practice Book Sec. 143 provides CT Page 6077
 "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
Burton v. Planning Commission, 209 Conn. 609, 611 n. 2,553 A.2d 161 (1989).
 Where there is undisputed evidence that the officer mistakenly left the process at a place other than the defendant's place of abode, the court must find that there was no service of process and that it "acquired no jurisdiction over the person of the defendant. . . which would authorize it to render a valid judgment against him." [Cugno v. Kaelin, 138 Conn. 341, 343, 84 A.2d 576 (1951)] Buckingham v. Osborne, 44 Conn. 133, 140-41
(1876).
Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370, 576 A.2d 603
(1990, Hammer, J. ).
"[T]hat . . . the facts stated [in the sheriff's return] may be contradicted by showing the facts to be otherwise is particularly applicable where the validity of abode service is challenged. See Cugno v. Kaelin, 138 Conn. 3341, 343, 84 A.2d 576 (1951)." Id. An officer's return of service may not be set aside, however, solely based on the testimony of one person. Id., 372-73. "`To permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system.' Slomowitz v. Walker, 429 So.2d 797, 799 (Fla.App. 1983)." Id., 372. Accordingly, the defendant's affidavit merely puts the question of proper service in issue and it does not resolve that issue. Garden Mutual Benefit Assn. v. Levy,37 Conn. Sup. 790, 792, 437 A.2d 141 (App. Sess. 1981).
"`When issues of fact are necessary to the CT Page 6078 determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . .' Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983)." Unisys Corporation v. Department of Labor, 220 Conn. 689, 695-96,600 A.2d 1019 (1991).
 A determination that service was made at [the defendant's] usual place of abode, therefore, [is] essential to obtain personal jurisdiction of him by valid process. What constitutes the defendant's usual place of abode is a factual question in each case. Collins v. Schultz, 34 Conn. Sup. 501, 502, 373 A.2d 200 (1976). For this reason, any factor tending to prove or disprove [the defendant's] usual place of abode [is] not only material and relevant, but essential to a judicial determination of the validity of service and the acquisition of personal jurisdiction.
Garden Mutual Benefit Assn. v. Levy, supra, 792.
CONCLUSION
The court directs that an evidentiary hearing be held to allow the court to determine whether service was made at the defendant's usual place of abode.
AUSTIN, J.