[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PREJUDGMENT REMEDY HEARING #108
This matter comes before the Court on a "Motion for Prejudgment Remedy Hearing". The evidence presented rent only to the issue of whether or not proper service was made "by leaving a true and attested copy at the usual place of abode of Carter S. Evans, 104 Shelter Rock Road, Stamford, Conn. on September 15, 1992". The application for Prejudgment Remedy, Affidavit in Support of Prejudgment Remedy Attachment, Order for Hearing and Notice, Order for Prejudgment Remedy, Summons, Complaint, Statement of Claim and Notice.
The Sheriff left the documents within a cleated doorhandle at the front entrance of the defendant's usual CT Page 10137 place of abode.
The defendant was not at home and had been away, returned and never discovered the documents. The document were not at that place (stuffed in the handle).
The court accepts the fact that service was attempted by the Sheriff as previously stated and further that the defendant never actually received or noted the document and accordingly had no knowledge of the pendency of the hearing for Prejudgment Remedy.
The issue comes down to whether above (constructive) service was sufficient to gain in personam jurisdiction over the defendant for a prejudgment remedy hearing where the deputy sheriff left the writ within a cleated doorhandle at the entrance of the defendant's usual place of abode.
General Statutes Sec. 52-57 provides in pertinent part that "[e]xpect as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant or at his usual place of abode, in this state." General Statutes Sec. 52-57(a).
"Unless service of process is made as the statute prescribes, the court to which the case is returnable does not acquire jurisdiction." Hyde v. Richard,145 Conn. 24, 25, 138 A.2d 527 (1958).
"`Abode' for purposes of General Statutes Sec.52-57(a) is the place where the defendant would most likely has knowledge of service of process and is generally recognized as the place where he is living at the time of service." (Citation omitted.) Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 3, 478 A.2d 629 (1984, Jacobson, J.).
 In order to satisfy this provision of [General Statutes Sec. 52-57] certain basic requirements must be met. The process must be left at the usual place of abode of the defendant in such a place and in such a manner that it is CT Page 10138 reasonably probable the defendant will receive the notice of the action against him. Sours v. Director of Highways, 172 Ohio St. 242; note, `Place or manner of delivery or depositing papers, under statutes permitting service of process by leaving copy at usual place of abode or residence,' 87 A.L.R.2d 1163 . . . . While pinning, typing or otherwise attaching a complaint to an outside door, where the compliant is subject to a number of outside influences over which the party to be served has no control, is generally not sufficient to constitute effective service, yet where the compliant is left inside the confines of the dwelling by slipping it beneath the door the service has been held permissible, Cugno v. Kaelin, 138 Conn. 341; United States v. N. Tully Semel, Inc., 88 F. Sup. 732 (D.Conn.); note, 87 A.L.R.2d 1163, 1172; see Kletchko v. Shupp, 24 Ohio Dec. 306. In view of the fact that the writ in the present case was actually at least half way within the apartment of the defendants at a time when the defendants were actually at home, and in a place where the defendant husband usually found his mail, the writ was left at the usual place of abode of the defendants in such a manner that it was reasonably probable that the defendants would receive notice of the action against them. The requirements of 52-57 for service of process at the usual place of abode of the defendants have been fulfilled.
Pozzi v. Harney, 24 Conn. Sup. 488, 491-92, 194 A.2d 714
(Super.Ct. 1963).
The Connecticut Circuit Court addressed this issue when it borrowed case law from outside the jurisdiction in Balkun v. DeAnzonia, 5 Conn. Cir. 580, 258 A.2d 482 (1969).
In Sours v. State, 172 Ohio St. 242, CT Page 10139 244, 175 N.E.2d 77, 78, 87 A.L.R.2d 1159, the question was `whether the fastening of a summons to the outside doorknob of a residence with a rubber band constitutes valid residence service.' The Supreme Court of Ohio held that such service did not constitute the leaving of the process at the usual place of abode. And in Kletchko v. Shupp, 24 Ohio Dec. 306, 310, the court held `that pinning a summons on a back or rear door of a residence does not constitute valid service * * * within the meaning of the statute." (Citation omitted.)
Id., 581.
The Balkun court held that "[s]ervice of the writ . . . in a mailbox in the hallway outside the defendant's apartment is so haphazard and uncertain as to fail to meet the purview of [General Statute Sec. 52-57]." Id.
The present service of process in insufficient for the reasons stated above, specifically, the case law holds that for abode service to be sufficient requires that the document must be placed at least partially within the abode itself or left with a statutorily eligible occupant of the dwelling.
Accordingly, the court will vacate the order for prejudgment Remedy dated August 31,
WALSH, JOHN, J.