[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This matter comes before the court on an amended motion to dismiss filed by defendant Jennith Liner.
On December 11, 1992 the plaintiff, the Town of Orange (hereinafter "the Town"), filed a six count complaint against the defendants, Jennith Liner, Peter Minore, Connecticut National Bank, Virtue Realty, Ltd. and People's Bank. The Town is seeking a foreclosure of the tax liens described in all six counts of the complaint. The Town alleges in the first, fourth, fifth and sixth counts of the complaint that the defendant, Jennith Liner, was the record owner of real property situated on Sheldon Court in the Town of Orange, Connecticut, for the years 1986, 1989, 1990 and 1991. The Town further alleges that property taxes in the amount of $1,214.89, $2,970.52, $3,357.00 and $3,542.64 respectively, are due and payable and that to date, no part of the tax has been paid. The Town also alleges in the second and third counts of the complaint that the defendant, Peter Minore, was the record owner of real property situated on Sheldon Court in the Town of Orange, Connecticut for the years 1987 and 1988. The Town further alleges that the property taxes in the amount of $2,588.40 and $2,718.18 respectively, are due and payable and that to date, no part of the tax has been paid.
The plaintiff also alleges that the remaining defendants, Connecticut National Bank, Virtue Realty, Ltd., Peter Minore and People's Bank, may claim an interest in the premises by virtue of mortgages, certificates of attachment and judgment liens in varying amounts.
On March 1, 1993 the plaintiff filed a memorandum of law in support of their objection to the defendant's motion to dismiss. In addition, the affidavit of Deputy Sheriff Robert Miller was filed in support of the motion.
Subsequently, on April 7, 1993, the defendant, Jennith Liner, filed an amended motion to dismiss. A memorandum of law in support of that motion was also filed. In addition, the affidavits of Sheldon Liner, Debra Liner and Michael Liner were filed in support of the motion. The defendant asserts that because service of CT Page 5455 process was legally insufficient and not made in accordance with General Statutes 52-57(a), this court lacks jurisdiction and the amended motion to dismiss should therefore be granted.
A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter. Miller v. United Technologies Corp., 40 Conn. Sup. 451, 453, 515 A.2d 386 (1986, Jacobsen, J.). A "motion to dismiss shall [also] be used to assert . . . lack of jurisdiction over the person." Practice Book 143. "`Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it "can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.' (Citations omitted.)" Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297-98, 441 A.2d 183 (1982), quoting Woodmont Assn. v. Milford, 85 Conn. 517, 524, 84 A. 307 (1912). "[W]henever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book 145.
The defendant argues in her memorandum of law, that "[n]o service of any kind was made upon the defendant or her family, and no service was made at the usual place of abode. . . ." (Memorandum of Law, para. 11). The defendant further argues that since the writ, summons and complaint was not left "inside the confines of the dwelling as averred to and confirmed by the aforementioned servers subsequent affidavit," the instant action should be dismissed. (Memorandum of Law, para. 15).
The plaintiff argues in its memorandum of law, that although the defendant argues that the court lacks subject matter jurisdiction, she does not offer any support for that claim. Further, with respect to the defendant's challenge of the sufficiency of service made upon her, the plaintiff argues that since the deputy sheriff's return is in compliance with the statute, the defendant's motion to dismiss should be denied.
 The methods for serving process in civil actions in Connecticut are found in 52-57. Under 52-57 there are two methods for in personam service: (1) personal service, by actual manual delivery to the defendant himself or (2) abode service by leaving a copy of the process at the defendant's usual place of above. (Citations omitted.) The methods may be used alternatively and the process server does not have to attempt manual service before using the abode method.
CT Page 5456
Anderson v. Schibi, 33 Conn. Sup. 562, 567, 364 A.2d 853 (App. Sess. 1976), citing Stephenson, 1 Conn. Civ. Proc. (2d Ed.) 103, p. 415.
General Statutes 52-57(a) states "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."
 In order to satisfy this provision of the statute, certain basic requirements must be met. The process must be left at the usual place of abode of the defendant in such a place and in such a manner that it is reasonably probable the defendant will receive the notice of the action against him. (Citation omitted.) The fact that in a particular case the person does not receive the notice does not invalidate the service.
(Emphasis added.) Pozzi v. Harney, 24 Conn. Sup. 488, 491,194 A.2d 714 (Super.Ct. 1963). Furthermore, "where the complaint is left inside the confines of the dwelling by slipping it beneath the door the service has been held permissible. Id., citing Cugno v. Kaelin, 138 Conn. 341; United States v. N. Tully Semel, Inc.,88 F. Sup. 732 (D. Conn.); note, 87 A.L.R.2d 1163, 1172.
In the present case the sheriff's return states that service of process was commenced on November 30, 1992 and was completed on December 2, 1992. Furthermore, the summons lists the return date as December 22, 1992: exactly 20 days after the completion of service. Finally, in the affidavit of Deputy Sheriff Robert Miller, the affiant states that:
 in connection with this legal action, I made abode service upon the defendant, Jennith Liner, on December 2, 1992, by leaving a true and attested copy of the original Writ, Summons and Complaint with Lis Pendens at 435 Sheldon Court, in the Town of Orange, Connecticut in the following manner: by inserting the same into the house under the door connecting the house to the attached garage.
(Affidavit of Robert S. Miller, para. 4). CT Page 5457
Since the foregoing sheriff's return and affidavit show that the deputy sheriff fully complied with General Statutes 52-57(a), the court does have the requisite subject matter jurisdiction to entertain the present complaint. The defendant's amended motion to dismiss is denied.
The Court Curran, J.