[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (DOCKET ENTRY 147)
The defendant has filed a motion to dismiss plaintiff's motion for contempt which was brought on by an order to show cause why the relief requested in the plaintiff's motion should not be granted. The order to show cause was served upon the defendant by leaving it at the defendant's usual place of abode. The defendant's motion to dismiss claims that the address of 15 Shields Road in Darien was no longer the defendant's usual place of abode on March 27, 1993, the date of the sheriff's service.
With respect to the defendant's motion, the following facts have been proved:
1. As of January 10, 1993, the defendant accepted new employment in Fayetteville, Arkansas.
2. Prior to January 10, 1993, the defendant was employed by Greenwich Capital.
3. In the second week of March the defendant moved to Fayetteville, Arkansas and is currently living with his brother. CT Page 6475
4. The defendant and his current wife, Ellen M. Lewis, were married in February, 1990.
5. On April 23, 1991, they purchased the property at 15 Shields Road in Darien (see plaintiff's exhibit B).
6. On August 7, 1992, the defendant conveyed all of his right, title and interest in said property to Ellen M. Lewis (see plaintiff's exhibit C).
7. On April 9, 1993, Ellen M. Lewis purchased property in Fayetteville, Arkansas (see plaintiff's exhibit D).
8. The defendant has rented a house in Fayetteville, Arkansas.
9. The defendant began work in Fayetteville, Arkansas in March.
10. The plaintiff resides with two of her four children at 19 Horseshoe Road, Darien. The children, issue of the parties in this proceeding, had dinner with their father in Connecticut on March 19, 1993.
11. On March 27, 1993, the defendant's wife, Ellen M. Lewis, and her two children resided at 15 Shields Road in Darien.
12. While the defendant's clothing had been moved to Arkansas, his possessions had not yet been moved by March 27, 1993.
Section 52-54 of the General Statutes provides for service of a writ of summons by reading the writ and complaint in the hearing of the defendant or by leaving an attested copy with him or "at his usual place of abode." As has been said by the Supreme Court in Smith v. Smith, 150 Conn. 15, at page 20 (1962):
 "Abode service is only a step removed from manual service and serves the same duel function of conferring jurisdiction and giving notice. Stephenson, loc. cit. Its chief purpose is to ensure actual notice to the defendant that the action is pending. Clover v. Urban, 108 Conn. 13, 16, 142 A. 389. The place where one would be most likely to have knowledge of a service by CT Page 6476 copy would be at his usual place of abode. Clegg v. Bishop, 105 Conn. 564, 572, 136 A.
Also involved in any decision in this case are the provisions of 46b-46 of the General Statutes. Section46b-46(b) provides in part:
 [T]he court may exercise personal jurisdiction over the nonresident party as matters concerning temporary or permanent alimony or support of children, only if: (1) the nonresident party has received actual notice under subsection (a) of this section. . . ."
The issue in this case is an issue of alimony and contempt for nonpayment of the escalation amount. The question of jurisdiction is determined by 46b-46(b) of the General Statutes and whether the defendant had actual notice of the plaintiff's motion for contempt. See Cato v. Cato, 226 Conn. 1 (1993); Jones v. Jones, 199 Conn. 287 (1986). The defendant has received actual notice of the plaintiff's motion.
The question of a "usual place of abode" is really a nonissue. To the extent that this may be an issue, the court finds that 15 Shields Road, Darien was a usual place of abode of the defendant on March 27, 1993. "One may have two or more places of residence within a State or in two or more States and each may be a "usual place of abode." Clegg v. Bishop,105 Conn. 504, 520 (1927).
Since the defendant has had actual notice of these proceedings and since this court has jurisdiction pursuant to46b-46(b), the motion to dismiss is denied.
EDGAR W. BASSICK, III, JUDGE