[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: #105 MOTION TO DISMISS
Plaintiff Patricia Zingarelli filed a complaint against defendant Althea Dinan on December 13, 1993. A deputy sheriff went to the defendant's usual place of abode on December 6, 1993 in order to serve the writ, summons and complaint on the defendant. While no evidence was offered by either party at the Short Calendar hearing, the plaintiff's arguments and the defendant's affidavit suggests that the parties do not dispute the facts surrounding service. When the sheriff went to the plaintiff's home in order to serve her, the plaintiff refused to open the door. Through an intercom, the sheriff informed the defendant of her purpose. The defendant refused to accept service at that time but indicated the sheriff could serve her at her place of employment the next day. The next day the defendant found the papers fastened to the door knob of her residence.
On February 23, 1994, the defendant filed a motion to dismiss, as well as a supporting memorandum and affidavit. The defendant filed a memorandum of law in opposition to the motion to dismiss, dated March 8, 1993.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). Proper service of process is necessary for a court to have personal jurisdiction over a defendant. White-BowmanPlumbing Heating, Inc. v. Biafore, 182 Conn. 14, 16-17, A.2d (1980). The sheriff's return is prima facie evidence of the facts stated therein. Uyen Phan v. Delgado, 41 Conn. Sup. 367,370, 576 A.2d 603 (1990).
The defendant's motion to dismiss the action for lack of personal jurisdiction is based on insufficiency of service of process. General Statutes § 52-57 provides that "process in any civil action shall be served by leaving a true and attested copy of it, . . . with the defendant, or at his usual place of abode, in this state." According to the defendant, since "abode service" is a departure from common law, the statute providing for it must be strictly construed. The defendant argues that service CT Page 5435 in the present case was not proper abode service because service was affixed to the door knob of the defendant's home. The plaintiff argues that service in the present action was at least as good as service that has been upheld by Connecticut courts in other actions. In particular, the plaintiff cites to Smith v.Smith, 150 Conn. 15, 183 A.2d 848 (1962) and Cugno v. Kaelin,138 Conn. 343, 84 A.2d 577 (1958).
"Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. Its chief purpose is to ensure actual notice to the defendant that the action is pending." Smith v. Smith, supra, 150 Conn. 20. In order to effectuate abode service, "[t]he process must be left at the usual place of abode of the defendant in such a place and in such a manner that it is reasonably probable the defendant will receive the notice of the action against him." Pozzi v. Harney, 24 Conn. Sup. 488, 491,194 A.2d 714 (Super.Ct. 1963).
 While pinning, typing or otherwise attaching a complaint to an outside door, where the complaint is subject to a number of outside influences over which the party to be served has no control, is generally not sufficient to constitute effective service, . . . where the complaint is left inside the confines of the dwelling by slipping it beneath the door the service has been held permissible.
Id. Another court held that, to be sufficient, service must be placed "at least partially within the abode itself or with a statutorily eligible occupant." Evans v. Evans, 7 CSCR 1312
(Walsh, J., November 12, 1992).
It must be noted that in the cases cited above, process was left without the sheriff communicating with the defendant sought to be served. Research has revealed no Connecticut case in which the court specifically addresses the sufficiency of service of process left outside a residence where the defendant refused to accept service. In one case, service was found sufficient where the sheriff left the service outside the defendant's residence because the defendant refused to answer the door. Bailey v. Mansour, superior court, Judicial District of Hartford-New Britain at Hartford, docket no. 398360 (October 16, 1991, Schaller, J.). However, in that case the defendant CT Page 5436 argued service was insufficient because it had not occurred at his usual place of abode rather than because it was left outside. Id. Generally, when a reasonable person would know that service of process is being attempted, service cannot be avoided. 72 CJS Process § 43 (1987 Supp. 1993).
 The general rule is that, where a defendant on whom service of process . . . is sought to be made refuses to receive [service], the person . . . making the service should inform him of the nature of the paper and of his purpose to make service thereof, and deposit it in some appropriate place in his presence or where it will be most likely to come into his possession. Every case, however, must depend in great measure on its own circumstances.
Id. See also Dowd Shipping, Inc. v. Lee, 354 So.2d 1252
(Fla.App. 1978) (where sheriff communicated with defendant through the house phone, informed her of his purpose, was denied admittance, and expressed intention to leave service, service left attached to gate was sufficient).
The Connecticut courts in the past generally have required that abode service be left at least partially inside the residence in order to satisfy service requirements. However, in those reported cases it appears that the defendants had no knowledge that service was being attempted. The language inSmith v. Smith, supra, and Pozzi v. Harney, supra, suggests that the issue of primary importance is the notice to the defendant the suit. Where as here, after being made aware of the nature of the sheriff's visit, the defendant refused to accept the service when it was attempted, she should not be allowed to attack the service in light of the fact that the papers were left in a place in which she was likely to find them, she did find them, and she thereby received notice of the claim filed against her.
The defendant's motion to dismiss is denied.
MAIOCCO, J. CT Page 5437