[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In both of the above-captioned cases the defendant Paula A. Moynahan, M.D., has filed a motion to dismiss these actions against her, alleging that she was not served with the summons and complaint in this action and the court therefore has not acquired jurisdiction over her. The plaintiff disputes the defendant's claims, relying on the sheriff's return of service and his affidavit, both of which assert that Dr. Moynahan was served through abode service at 21 Terry Road in Prospect.
By affidavit appended to her motion to dismiss, Dr. Moynahan states that she has never received a copy of the summons and complaint in this action from a sheriff nor was a copy left at her home at 21 Terry Road, Prospect. In his opposing affidavit, the sheriff states that he made abode service on Dr. Moynahan by leaving a true and attested copy of the papers "under her door" in the mid-afternoon on December 9, CT Page 225-T 1993. In a supplemental affidavit filed in response to the sheriff's affidavit, Dr. Moynahan states that the front door to her residence consists of sliding glass doors which operate on tracks such that no paper can be slid under the doors. She further notes that the back door to the house is "felt lined and flush with the ground" and nothing could be slid under this door. No further affidavit was submitted by the sheriff.
General Statutes § 52-57(a) provides that service of process on an individual defendant shall be made by leaving a copy (a) with the defendant or (b) at his or her usual place of abode. Where jurisdiction is sought over an individual residing in Connecticut, there must be either "in hand" or abode service.Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163
(1989).
For valid abode service, the papers must be left at the abode "in such a place and in such a manner that it is reasonably probable the defendant will receive the notice of the action against him". Pozzi v. Harney, 24 Conn. Sup. 488, 491
(1963). Slipping the papers under the door so that they are CT Page 225-U left within the dwelling is found to be effective abode service. Id.
Generally the burden of proof is on the defendant with respect to jurisdictional issues raised by the defendant; this is because of the presumption of the truth of the facts stated in the officer's return. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 (1983). However, the return may be contradicted and the court may find contrary to the return.Hasler v. T.H. Canty Co., 138 Conn. 341, 343 (1951).
In this case there is a presumption of abode service based on the sheriff's return. However, the sheriff's affidavit claiming that he left the papers under the door of Dr. Moynahan's home is clearly contradicted by Dr. Moynahan's supplemental affidavit, which demonstrates that it is not possible to place papers under either of the doors to her home. Given the defendant's greater familiarity with her own home and also the fact that the plaintiff submitted no further affidavit questioning the statements in Dr. Moynahan's supplemental affidavit, the court finds that the defendant has sustained her CT Page 225-V burden of proof with respect to service of process in this action. In the absence of proper service, the court does not obtain personal jurisdiction over the defendant. Accordingly, Dr. Moynahan's motions to dismiss in both of the above-captioned files are hereby granted.
VERTEFEUILLE, J.