[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: A. DEFENDANT PENROSE PRESS' MOTION TO REOPENJUDGMENT DATED SEPTEMBER 22, 1994 B. DEFENDANT PENROSE PRESS' MOTIONTO DISMISS DATED SEPTEMBER 22, 1994
A default judgment was entered against the defendant, Penrose Press on April 3, 1992 after a default for failure to appear had previously been entered against Penrose. Penrose claims that service was not made on it in accordance with Connecticut General Statutes § 52-57(c) and therefore its motion to reopen that judgment should be granted and this litigation as it relates to Penrose should be dismissed.
Counsel for both the plaintiff and defendant agree that the proper procedure for this court to follow is to first act upon the Motion to Reopen Judgment and then act upon the Motion to Dismiss.
Connecticut General Statutes § 52-212(a) and Connecticut Practice Book § 326 state that a civil judgment may not be opened or set aside unless a motion to do so is filed within four months of the date it was rendered — which clearly wasn't done in this case.
The above rule is subject to qualification. "If a court never acquired a jurisdiction over the defendant or the subject matter, failure to abide by time limits is of no consequence whatsoever, since any judgment ultimately entered is void and subject to vacation or collateral attack" Bartells v.International Commodities Corp, 435 F. Sup. 868 (D. Conn. 1977). It is the defendant, Penrose Press' claim that it was never properly served. Therefore Penrose asserts that this court lacks jurisdiction over it, is not bound by the "Four Month" rule, and must reopen the default judgment that was CT Page 8830 entered and grant its Motion to Dismiss.
This court ordered that an evidentiary hearing be held on the issue of personal jurisdiction and the claimed lack thereof.Standard Tallow Corp. v. Grady 190 Conn. 48. Among the relevant evidence presented to the court during the evidentiary hearing were the following:
1. Sheriff's return showing service on Andy Anderson as President of the defendant Penrose Press. This is only prima facie evidence of the facts stated therein and is subject to rebuttal Cugno v. Kaelin, 138 Conn. 341.
2. Oral testimony by M. David Snowise that he was the President of Penrose Press backed up by defendants exhibit one which was the Biennial Corporate Report to the Secretary of State listing corporate officers. The report was consistent with the oral testimony of Mr. Snowise.
3. Oral Testimony of M. David Snowise, which the court found credible, that Andy Anderson was not a "person in charge" at the time service was made upon the corporation nor anyone else authorized by statute § 52-57(c) to accept service on behalf of the defendant, Penrose Price.
This court concludes that since service had not made in accordance with Connecticut General Statutes § 52-57(c), the court never acquired personal jurisdiction over the defendant Penrose Press. The motion to reopen the judgment of default is therefore granted and the motion to dismiss is granted.
LAWRENCE L. HAUSER, JUDGE