[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS DATED FEBRUARY 28, 1996
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a CT Page 4010-LLLLL matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machinery, Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). Proper service of process is necessary for a court to have jurisdiction over a defendant. White-Bowman Plumbing Heating Inc. v. Baifore,182 Conn. 14, 16-17, 437 A.2d 833 (1980). "[A] motion to dismiss is the proper vehicle to raise the issue of a prior pending action." (Internal citations omitted.) Gaudio v. Gaudio, 23 Conn. App. 287,294, 580 A.2d 1212 (1990), cert. denied, 217 Conn. 803,584 A.2d 471 (1990).
The defendants filed a motion to dismiss dated February 28, 1996, on the grounds of ineffective service of process on the defendant Leona Helmsley and the prior pending action doctrine. The affidavit of the deputy sheriff states that the sheriff presented himself to the outside security gate of the abode of Leona Helmsley. After telephone discussions at the gate with "what appeared to be the New York law firm of the defendant" and a Connecticut law firm, and after being admitted but then being told to leave because he was a trespasser, the sheriff affixed the service to the security gate.
Pursuant to General Statutes § 52-57(a), process in a civil action may be served by leaving an attested copy of the process at the defendant's usual place of abode. "The chief purpose of the statutory requirement that service of civil process be made at the defendant's usual place of abode `is to ensure actual notice to the defendant that the action is pending.'" Phan v. Delgado,41 Conn. Sup. 367, 370, 576 A.2d 603 (1990), quoting Clover v. Urban,108 Conn. 13, 16, 142 A.2d 389 (1928); Smith v. Smith, 150 Conn. 15,20, 183 A.2d 848 (1962). "[I]t has been held that provisions for substituted service should be liberally construed in those cases in which the defendant received actual notice." Plonski v. Halloran,36 Conn. Sup. 335, 337, 420 A.2d 117 (1980); Grayson v. Wofsey,Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 3, 478 A.2d 628
(1984); Shawmut Bank v. Cook, Superior Court, judicial district of Middlesex at Middletown, Docket No. 73915 (February 23, 1995) (Walsh, J.).
For valid abode service, the papers must be left at the abode "in such a place and in such a manner that it is reasonably CT Page 4010-MMMMM probable the defendant will receive the notice of the action against him." Pozzi v. Harney, 24 Conn. Sup. 488, 491,194 A.2d 714 (1963). Thus slipping papers halfway under the door was held to be sufficient. Id. However, the court in Pozzi stated, "pinning, tying or otherwise attaching a complaint to an outside door, where the complaint is subject to a number of outside influences over which the party to be served has no control, is generally not sufficient to constitute service." Id. Service in a mailbox in the hallway outside the defendant's apartment was not sufficient. Balkun v. DeAnzona, 5 Conn. Cir. 580, 258 A.2d 482 (1969).
Under ordinary circumstances service on an outside gate would probably not be sufficient, however, the defendant had ample notice, given that two lawfirms were called to the telephone and spoke with the sheriff while the sheriff was attempting to serve the defendant. The defendant's security guard was present when the complaint was affixed to the gate. Consequently, the court finds it was reasonably probable that the defendant would receive actual notice of the action.
The prior pending action doctrine applies when there is a prior suit of the same character, between the same parties, brought to obtain the same end or object. Zachs v. Public UtilitiesCommission, 171 Conn. 387, 391-92, 370 A.2d 984 (1976). According to the plaintiff's opposition to the defendants' motion to dismiss, the prior action is for replevin and the present action is for foreclosure. The replevin action is to recover identified goods, an action of a wholly different character and purpose than a foreclosure action.