[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #104
The defendants, Joel H. Eisenberg, M.D. and Stuart C. Belkin, M.D., P.C. and Stuart C. Belkin, M.D. filed a motion to dismiss pursuant to Practice Book § 142 et seq. based on a claim of insufficiency of process. The defendants claim they never CT Page 5284-EEEEEEEE received service of process despite the sheriff's return to the contrary.
The court held an evidentiary hearing on the motion. StandardTallow Corp. v. Jowdy, 190 Conn. 48 (1983).
Dr. Eisenberg, supported by his computer generated office schedule for the alleged day of service, October 28, 1994, testified that he was in the office only 15 minutes that day — in the A.M., not the P.M. when the sheriff later testified the service took place.
Sheriff Fraher, a seasoned process server, also testified that he attempted to serve Dr. Belkin at the same time and place as he served Dr. Eisenberg. He stated that he was told that Dr. Belkin no longer worked at that location, was given his then current address where he found Dr. Belkin to be absent. Sheriff Fraher further testified that he returned to that address on November 1, 1994, and served the doctor in-hand. Dr. Belkin testified he was in his office on both October 28th and November 1st and was not served. Sheriff Fraher produced a log book which he claimed supported his oral testimony.
The testimonies offered by the plaintiff and the defendants are totally inconsistent with one another. Someone has, at the very least, a very bad memory. The court has to weigh the credibility of the witnesses in order to enter a decision on the motion to dismiss.
"An officer's return is only prima facie evidence of the facts stated therein. It may be contradicted and the facts shown to be otherwise." Cugno v. Kaelin, et al, 138 Conn. 341, 343
(1951). This court holds that the defendants have the burden of proof regarding sufficiency of process.
The court concludes that the defendants have sustained their burden regarding sufficiency of process. The court finds the doctors more credible. The Sheriff's inability to describe the physical characteristics of both defendants, his confusion on whether he was serving Dr. Eisenberg in his individual or corporate capacity, the initial attempt to serve Dr. Belkin at 4749 Main Street, Bridgeport rather than the 888 White Plains Road, Trumbull address listed on the summons, the lack of a sheriff's oath to conform to the requirements of C.G.S. § 52-593
(a), the fact that the doctors did not deny service in the CT Page 5284-FFFFFFFF original action which was dismissed, the fact that no appearances were made for the doctors until over one year after the filing of the lawsuit, inter alia, convince the court that service was not properly effectuated in this case.
The motion to dismiss is granted.
LAWRENCE L. HAUSER, JUDGE