[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
Defendant has timely filed her motion to dismiss on the basis of "lack of jurisdiction over the person" and "insufficiency of process" under P.B. § 10-31.
 Facts
CT Page 13561
Deputy Sheriff, Mary Ann Douglas (Douglas) made service on the defendant by service of the Writ, Summons and Complaint by leaving a verified copy of each with the Secretary of State of Connecticut on November 23 and on the same day mailing a copy of the Writ, Summons and Complaint, together with any schedules, attachments, demand and certification thereto, to the defendant, Jacquecola Lott, at 530 Buckingham Road, Richardson, TX 75081. The Writ, Summons and Complaint is dated November 19, 1998, the Return Date thereof is December 22, 1998, and was returned to court on December 2, 1998.
On December 30, 1998 Douglas filed a Supplemental Return with the court dated December 28, 1998 showing that the envelope containing the Writ, Summons and Complaint, together with the "Green Return-Receipt Card" attached thereto, came back to the sender without defendant's signature but with notice of two attempts to deliver to defendant left at the defendant's above address on November 27 and December 2, 1998. It was then returned. There is a post office stamp with small boxes to be checked, one of which says "Insufficient Address." That box is not checked. The fourth box has been checked with a big x as "unclaimed." The defendant never had that material in her hands.
Defendant is the record owner of her former principal personal residence known as 3 Merli Road, Windsor, Connecticut 06095. She does not transact any business within the state; has not committed a tortious act within the state and has not committed a tortious act outside the state causing injury to person or property within the state.
The address that would be defendant's more exact address in Texas is 530 Buckingham Road, Apartment 137, Richardson, TX 75081.
Defendant did receive notice in hand of the pendency of this action by receipt of plaintiff's motion for default which was sent to said defendant, by way of the United States Postal Service, regular or first class mail, postage prepaid, addressed to the same address as the certified material i.e. without any apartment number.
 Law
A sheriff's returns are prima facie evidence of the facts set CT Page 13562 forth in them but, of course, may be contradicted by evidence.Cugno v. Kaelin, 138 Conn. 341, 343.
C.G.S. § 52-59b (a) 4 provides that this court has jurisdiction over a nonresident person who "owns, uses or possesses any real property situated within the state" of Connecticut.
Plaintiff properly served the secretary of state and the defendant under C.G.S. § 52-59b.
The motion to dismiss is denied.
N. O'Neill, J.