## B. J. VARNER v. JENNIE VARNER.

Decided April 6, 1904.

**1.—Divorce—Refusal of Marital Rights.**

The wife's continued denial to the husband of the privilege of sexual intercourse, can not, alone, furnish ground for divorce, unless under conditions rendering it insupportable cruelty.

**2.—Judgment—Presumptions.**

In the absence of a statement of facts, all facts necessary to support the findings and judgment of the trial court will be presumed, on appeal, to have been proven.

Appeal from the District Court of Limestone. Tried below before Hon. L. B. Cobb.

*J. B. Kimball,* for appellant.

No briefs or appearance for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee for the purpose of obtaining a divorce from the bonds of matrimony, and from a judgment against him he has appealed. The grounds relied on in his petition are stated as follows: "That plaintiff was married to defendant in January, 1901, and that they lived together until February, 1902, when she finally abandoned him. During their said married life, plaintiff treated defendant with kindness and consideration; that defendant, though a strong and robust woman, never permitted plaintiff to engage in the sexual embrace with her long before she abandoned him as aforesaid, and perpetually denied him this right, her only reason being, as she alleged, that she did not intend to again become a mother. That defendant persisted in the course and refused to accede to plaintiff's request."

The statute of this State, in prescribing the grounds upon which a divorce may be granted, does not specify either impotence or refusal to submit to sexual intercourse. However, it authorizes a divorce when either husband or wife is guilty of "excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable." In the case now under consideration, the petition does not charge that the conduct of the defendant was an excess, cruel treatment or outrage, nor that it was of such a nature as to render their living together insupportable; and it may be that the divorce was properly refused on account of the failure of the plaintiff to make those essential averments in his petition. But if it be conceded that the petition was sufficient, we are of opinion, for reasons hereafter stated, that no reversible error is shown.

There is no statement of facts in the record, but the trial judge filed findings of fact to the effect that the averments in the plaintiff's petition, as set out above, were true. After finding the facts as alleged

by the plaintiff, the court held "that the refusal of defendant to accede to plaintiff's solicitations was not an excess, cruel treatment or outrage of such nature as to render their living together insupportable to plaintiff." It is stated in the American and English Encyclopedia of Law, second edition, volume 9, page 793, that "the persistent and unjustifiable refusal of marital rights may constitute cruelty, if sufficient to injure the health, but in no case has such injury been established. The refusal of either party to occupy the same bed is not cruelty under any definition of that term." But if it be conceded that a case might be presented in which refusal to grant sexual intercourse would constitute such cruel treatment as would authorize a divorce under our statute, we do not think the record before us discloses such a case. In our opinion, the effect that such refusal would have upon a husband would depend in a large degree upon his physical condition, as well as upon the condition of the wife.

The finding of the court that the defendant refused to accede to the plaintiff's requests carries with it the inference that plaintiff solicited sexual intercourse, and the fact that he made such solicitation is all there is in the record indicating the plaintiff's physical condition.

The rule is that in the absence of a statement of facts, or a finding of the court or jury to the contrary, it will be presumed that proof was made of all facts necessary to sustain the judgment. So, in this case, it may have been shown, concerning the plaintiff, that his "Way of life has fallen into the sear, the yellow leaf." Old age and infirmity may be upon him; his virility may be greatly diminished; his amorous desires may be few and feeble, and the failure to have them gratified a matter of no great importance. And if such be his condition, whatever might be held as to a husband differently situated, we are of opinion that the trial court did not err in holding in this case that the wife's conduct, though wrongful, was not such an excess, cruel treatment or outrage as to render their living together insupportable. No error is shown and the judgment is affirmed.

*Affirmed.*