## FRED F. SMITH
### vs.
## LILLIAN FORREST SMITH

Superior Court     New Haven County     File #50458

Present: Hon. EDWIN C. DICKENSON, Judge.

Weissman & Maretz,           Attorneys for the Plaintiff

**MEMORANDUM FILED OCTOBER 11, 1936.**

DICKENSON, J. The plaintiff is a doctor practicing in New Haven. The defendant is a nurse working in New

York State. They were married in New York in May, 1933, and left for their respective homes by agreement immediately after the marriage without sexual relations. About one month after the marriage they met in New York and had such relations upon one occasion. The defendant refused further relations and also refused to live with the plaintiff. On one or two occasions, at his request she visited him at New Haven but has refused to have sexual relations. The plaintiff has brought this action upon the ground of intolerable cruelty and has testified that her conduct has hurt him physically, socially and mentally.

The plaintiff has cited in his brief numerous cases in which it has been held that refusal to cohabit constitutes intolerable cruelty. These are based upon the theory that such conduct is of a nature "to render their living together insupportable". **Varner vs. Varner, 80 S.W. 386 (Tex).** In all of the cases it appears the parties were living together all or most of the time, and all are predicated upon injury to health.

As has been said, in the instant case the parties have never lived together and the defendant has at all times refused to live with the plaintiff. If this has caused him suffering it arises out of desertion rather than association coupled with refusal to cohabit, and is no different than a majority of desertion cases coming under the observation of the court.

"It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation that the condition of fact contemplated by the intolerable cruelty clause of the statute should be found to exist.

**McEvoy vs. McEvoy, 99 Conn. 427.**

Obviously the legislature considered the two causes, intolerable cruelty and desertion, named in the statute separate and distinguishable. And as apparently the facts in the instant case come under the desertion and not the intolerable-cruelty cause.

Judgment is directed for the defendant.