## GARDEN MUTUAL BENEFIT ASSOCIATION *v.* RICHARD LEVY ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1087

Argued May 19—decided September 18, 1981

*Shereen F. Edelson,* for the appellant (plaintiff).

*Albert D'Antonio,* for the appellee (defendant).

BIELUCH, J. The plaintiff instituted this action to collect a debt secured by a promissory note on which the maker had defaulted and which the defendants had executed as comakers and endorsers. On January 16, 1979, the plaintiff served defendant Robert Haymond (hereinafter Haymond) at his "usual place of abode," 61 Norwood Road, West Hartford, Connecticut. Haymond subsequently filed a motion to dismiss the action with supporting affidavits, contending that because West Hartford was not his usual place of abode, this service was insufficient to confer jurisdiction over him.

Although both parties submitted affidavits that disclosed the presence of issues of fact, the trial court granted the motion without an evidentiary hearing. On appeal, this court must decide whether, when considering a motion to dismiss, the trial court must hold

an evidentiary hearing prior to determining jurisdictional questions when parties have submitted affidavits which present factual issues.

Section 143 of the Practice Book, 1978, provides that a motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits . . . . [This motion] may be opposed by pleadings, appropriate affidavits and memoranda of law." The motion to dismiss replaces the former plea in abatement. The case law interpreting the procedure of the former plea in abatement is, therefore, particularly instructive in construing a motion to dismiss.

Prior to the 1978 Practice Book revisions, the party opposing a plea in abatement was required to file a responsive pleading. Practice Book, 1963, § 95. The moving party, in turn, bore the burden of alleging and proving those facts which the responsive pleading placed in issue. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 587–88, 409 A.2d 1029 (1979). Failure of the movant to present evidence sufficient to sustain the disputed allegations required the court to overrule the plea. *DiCamillo* v. *Clomiro,* 174 Conn. 351, 354, 387 A.2d 560 (1978). Thus, where the plea in abatement raised a factual issue, the court held an evidentiary hearing to ascertain the disputed fact prior to ruling on the plea. 1 Stephenson, Connecticut Civil Procedure (2d Ed.) pp. 447–48, § 108e; id. (Sup. 1979) pp. 578–79, § 108d.

Disposition of the issue presently before us flows logically from the procedure which formerly governed the plea in abatement. Where affidavits filed by opposing parties present undisputed facts, the court may rule upon the motion without taking additional evidence concerning those facts. This procedure in no way diminishes the right of the parties to present and prove all competent facts in issue within the allegations of their respective pleadings. Moreover, this

practice encourages judicial expediency by eliminating evidentiary hearings in those cases where material facts are undisputed. In this regard, the procedure closely parallels that governing disposition of summary judgment motions upon affidavits. Where no genuine issue of material fact exists on a motion for summary judgment, the court is authorized to enter judgment in favor of a moving party whose position comports with applicable law. Practice Book, 1978, § 384.

As with the motion for summary judgment, however, a different practice obtains where there exists a genuine issue of material fact. Affidavits which disclose genuine issues of material fact cannot resolve the factual disputes raised by them. Stephenson, supra, 578, § 108d. A judicial determination of such issues must then be made. To insure the right of each party to present all relevant and material evidence for such judicial resolution, we hold that the court must conduct an evidentiary hearing.

In the light of this holding, we agree with the plaintiff that the trial court's dismissal of the action below, based solely upon affidavits which raised a material issue of fact, constituted error. Except as otherwise provided, General Statutes § 52-57 requires that process in a civil action be served "by leaving a true and attested copy of it, . . . with the defendant, or at his usual place of abode, in this state." A determination that service was made at Haymond's usual place of abode, therefore, was essential to obtain personal jurisdiction of him by valid process. What constitutes the defendant's usual place of abode is a factual question in each case. *Collins* v. *Schultz,* 34 Conn. Sup. 501, 502, 373 A.2d 200 (1976). For this reason, any factor tending to prove or disprove Haymond's usual place of abode was not only material and relevant, but essential to a judicial determination of the validity of service and the acquisition of personal jurisdiction.

The trial court in its memorandum of decision stated "[i]t is also significant that the facts contained in the affidavits and documents submitted by the parties do not, with one minor exception, conflict with each other. The exception is that the West Hartford registrar's 1976 voter canvass 'found [Haymond] to be living in Canada *temporarily'* (emphasis in original); but that characterization is more of a conclusion than a fact, and neither its source, basis nor meaning is disclosed. Under these circumstances that information is insufficient to require either depositions or an evidentiary hearing." To the contrary, we find this inconsistency in the two affidavits to be significant, given our requirement of ascertaining the defendant's "usual place of abode" on a case by case basis. Whether Haymond's residence was temporary, as stated in the records of West Hartford's registrar of voters, is material to a determination of Haymond's usual place of abode, and thus to the validity of the service of process for purposes of the motion to dismiss. We note also that in addition to the fact that the defendant remained on the West Hartford voting list until after the service of the complaint in this action, he listed his address on the note which he signed in 1976 as "61 Norwood Road, W.H." Accordingly, we find that the trial court erred in failing to conduct an evidentiary hearing on this disputed fact prior to dismissing the action.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion SHEA and COVELLO, Js., concurred.