## JENNIFER KINGSLEY *v.* SADI INTERNATIONAL COMPANY (3212)

HULL, BORDEN and DALY, Js.

Argued June 11—decision released August 20, 1985

*Michael D. O'Connell,* with whom, on the brief, were *Marcel J. Bernier* and *William C. Turney,* for the appellant (plaintiff).

*William J. Sweeney,* with whom, on the brief, was *Walter A. Clebowicz,* for the appellee (defendant).

DALY, J. The plaintiff initiated this action against the defendant for failing to abide by the terms of an agreement under which the defendant agreed to purchase a new automobile for the plaintiff as payment for services rendered in locating real property for purchase. The defendant filed a motion to dismiss claiming that, since there was no allegation in the complaint that the

plaintiff was licensed by the Connecticut real estate commission, the court lacked subject matter jurisdiction under General Statutes § 20-325a (a).[1] From the granting of the motion to dismiss and the denial of the plaintiff's motion to reargue, the plaintiff has appealed.

The plaintiff claimed at oral argument in the trial court that she was acting at all times on behalf of the defendant, which was her employer, and that she was not acting for another but, rather, as an agent of the defendant and hence was not required to be licensed. See footnote 1, supra. The plaintiff relied on *Colli* v. *Real Estate Commission*, 169 Conn. 445, 451, 364 A.2d 167 (1975), which held that a person negotiating for himself or on behalf of his corporation is not included within the terms "real estate broker or real estate salesman."

Practice Book § 143 provides in part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."

---

[1] General Statutes § 20-325a (a) provides in pertinent part: "No person who is not licensed under the provisions of this chapter . . . shall commence or bring any action in any court of this state . . . to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter."

General Statutes § 20-312 provides in pertinent part: "No person shall act as a real estate broker or real estate salesman without a license issued by the commission . . . ."

Thus, pursuant to these two statutes no person who is not properly licensed may sue in our courts for payment for services rendered as a real estate broker or salesman. We agree with the defendant that the strong, clear language of General Statutes § 20-325a (a) makes the issue of a license, when it is required as a condition of rendering such services, an issue affecting the subject matter jurisdiction of the court.

The trial court considered the complaint, the affidavit of the plaintiff's mother and the written agreement in reaching its conclusion. It held that "one may infer that the plaintiff 'performed services for the defendant' in connection with the defendant's purchase and renovation of certain real estate in New London. It is not clear, however, that the plaintiff's claimed performance falls within the exclusionary language of *Colli,* i.e., that she was acting 'on behalf of [her] corporation.' Accordingly, the court is not able to conclude, on the basis of the allegations of her complaint, that the plaintiff was acting in the capacity of a principal, and the defendant's motion to dismiss is granted."

A trial court must consider the allegations of the complaint in their most favorable light when deciding a jurisdictional question raised by a pretrial motion to dismiss. *Reynolds* v. *Soffer,* 183 Conn. 67, 68, 438 A.2d 1163 (1981). Although only the plaintiff submitted an affidavit that disclosed the presence of an issue of fact—whether the plaintiff was acting as an agent or employee of the defendant—the trial court granted the motion without an evidentiary hearing.

"Where affidavits filed by opposing parties present undisputed facts, the court may rule upon the motion without taking additional evidence concerning those facts. This procedure in no way diminishes the right of the parties to present and prove all competent facts in issue within the allegations of their respective pleadings. Moreover, this practice encourages judicial expediency by eliminating evidentiary hearings in those cases where material facts are undisputed . . . . [H]owever, a different practice obtains where there exists a genuine issue of material fact. Affidavits which disclose genuine issues of material fact cannot resolve the factual dispute raised by them . . . . A judicial determination of such issues must then be made." *Garden Mutual Benefit Assn.* v. *Levy,* 37 Conn. Sup. 790,

791–92, 437 A.2d 141 (1981). The trial court must conduct an evidentiary hearing to insure the right of each party to present all relevant and material evidence for such judicial resolution. Id., 792.

The material presented to the trial court on the defendant's motion to dismiss left it unclear whether the plaintiff was acting as an agent of the defendant. Given that the plaintiff's allegations should have been read favorably to her, the proper course was not to dismiss the complaint, but to set the matter down for an evidentiary hearing on that factual issue.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.