[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO DISMISS #107
Should defendant Eugene Weiss' motion to dismiss be granted on the grounds that this defendant has not transacted business within the State of Connecticut and this defendant does not have minimum contacts within Connecticut? Defendant Weiss' motion to dismiss should be granted.
FACTS
On March 12, 1991 the plaintiff, R.O.I. Development Corporation filed a nine count complaint. On October 21, 1991 the plaintiff filed an eight count amended complaint against defendants Cheshire Management, Northampton Associates (hereinafter Northampton) and Eugene Weiss. The first four counts allege breach of contract, breach of the implied covenant of good faith and fair dealing, violation of CUTPA, and wanton and wilful conduct by defendants Cheshire Management and Northampton in connection with a contract which required the plaintiff to install plumbing fixtures at a Massachusetts property owned by defendants Cheshire Management and Northampton. Counts five through eight, respectively, allege the same claims against defendant Eugene Weiss on the basis that Weiss was a general partner of Northampton, and is therefore liable for the claims.
On November 19, 1991 defendant Weiss filed an appearance in this case.
On December 18, 1991 defendant Weiss filed a timely motion to dismiss, a supporting memorandum, and defendant Weiss' affidavit. The grounds for the motion are that the court lacks personal jurisdiction over defendant Weiss, that the plaintiff's claims are barred by the statute of limitations, and that the plaintiff's complaint fails to state a CUTPA claim.
On May 6, 1992 the plaintiff filed a memorandum in opposition to the motion to dismiss.
DISCUSSION
The motion to dismiss is the proper vehicle to assert the court's lack of personal jurisdiction. Practice Book 143(2). The court may determine factual issues raised by a motion to dismiss. Pantlin Chananie Dev. Corp. v. Hartford Cement Bldg. Supply Co., 196 Conn. 133, 127, 492 A.2d 159 (1985). "Where . . . the motion [to dismiss] is accompanied by supporting affidavits containing undisputed facts, the court may look to their content CT Page 11281 for determination of the jurisdictional issue. . . ." Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). See also Kingsley v. Sadi International Co., 5 Conn. App. 76, 78,496 A.2d 986 (1985) (where affidavits present undisputed facts, the court does not need to take additional evidence concerning these facts).
With respect to personal jurisdiction, defendant Weiss argues that Connecticut may not exercise jurisdiction over him because his only contact with Connecticut is that the contract between the plaintiff and the defendants was signed in Connecticut. Defendant Weiss argues that this contact is not enough to establish minimum contacts.
The plaintiff cites Zartolas v. Nisenfeld, 184 Conn. 471,474, 440 A.2d 179 (1981), for the proposition that a single purposeful business transaction may be enough to establish minimum contacts with a state. Plaintiff argues that the signing of the of the contract in Connecticut is a purposeful business transaction which subjects defendant Weiss to the jurisdiction of the Connecticut courts.
 [A]nalysis of a due process challenge to personal jurisdiction is a two-step process. First, we must inquire into the foundation, under state law, of the trial court's assertion of jurisdiction over the defendants. Only if personal jurisdiction has attached under state law do we reach the constitutional question of whether due process is offended thereby.
United States Trust Co. v. Bohart, 197 Conn. 34, 38-39,495 A.2d 1034 (1985).
"[A] court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent . . . [t]ransacts any business within the state. . . ." General Statutes 52-59b(a)(1).
In determining whether a defendant's actions constitute the transaction of business within the state, the court is not to apply a rigid formula, but must "balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Gaudio v. Gaudio, 23 Conn. App. 287, 298, CT Page 11282580 A.2d 1212 (1990).
With regard to the second step of the analysis, the court must:
 consider whether [the] facts satisfy the minimum contacts requirement of the due process clause. "The United States constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend `traditional notions of fair play and substantial justice.'"
Id., 299, citing World-Wide Volkswagen Corporation v. Woodson,444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Frazer v. McGowan, 198 Conn. 243, 252, 502 A.2d 905 (1986).
This analysis has been applied on several occasions. See, e.g. Rosenblit v. Danaher, 206 Conn. 125, 537 A.2d 145 (1988) (defendant attorney's representation of former clients at one meeting in Connecticut did not satisfy "transacting business" standard); Gaudio v. Gaudio, supra (defendant made an oral agreement in Connecticut to purchase all of the stock of a Connecticut corporation, the only asset of which was real property located in Connecticut; this satisfied "transacting business" and "minimum contacts" standards); Zartolas v. Nisenfeld, supra (defendants sold real property located in Connecticut by executing a warranty deed in Iowa; this satisfied "transacting business" and "minimum contacts" standards); Savin v. Ranier, 898 F.2d 304 (2nd Cir. 1990) (defendant received financing from, and conducted other business dealings with, the Connecticut plaintiff; additionally, the defendant was to make payments in Connecticut; this did not satisfy the "transacting business" or "minimu contacts" standards); Computer Assistance, Inc. v. Morris, 564 F. Sup. 1054 (D. Conn. 1983) (defendant signed two employment contracts in Connecticut, participated in contract negotiations in Connecticut, received training in Connecticut, and frequently communicated with Connecticut plaintiff; this satisfied the "transacting business" and "minimum contacts" standards); Cramer v. Lupka, 7 CSCR 437 (March 26, CT Page 11283 1992, Rush, J.) (defendant contracted for legal services in Connecticut, and the legal services were performed in Connecticut; this satisfied the "transacting business" and "minimum contacts" standards); Decsepel v. Cassin, 6 CTLR 334 (April 15, 1992, Rush, J.) (defendants negotiated and signed, in Connecticut, a contract for the purchase of real property located in New York, and the purchase money promissory note was payable in Connecticut, this satisfied the "transacting business" and "minimum contacts" standards).
In the present case, defendant Weiss states in his affidavit that he was a general partner in defendant Northampton, that he resides in New York and that the work which the plaintiff contracted to perform was conducted in Massachusetts. Defendant Weiss states that the contract was executed in Connecticut. Defendant Weiss annexes a copy of the contract to his affidavit; the contract states that it was signed in Wallingford, Connecticut, and that the installation work is to be performed in Northhampton, Massachusetts. The plaintiff does not dispute Weiss' statements, by affidavit or in its memorandum. Hence, pursuant to the holdings of Barde v. Board of Trustees, supra, and Kingsley v. Sadi International Co., supra, that the court may rule upon the motion, without taking additional evidence concerning the facts.
Pursuant to the holdings of the cases cited above, defendant Weiss' single contact with Connecticut, the signing of the contract, does not meet the "transacting business" or "minimum contacts" standards. for instance, in Rosenblit, the defendant's act of representing his former client at a single meeting in Connecticut did not satisfy the "transacting business" or "minimum contacts" standards. In Gaudio, Computer Assistances, Cramer, and Decsepel, the defendants executed contacts in Connecticut, and the courts found that the "transacting business" and "minimum contacts" standards were met; however, in each case, the defendants also had additional contacts with Connecticut. The plaintiff cites Zartolas for the proposition that a single business transaction may be enough to satisfy the "transacting business" and "minimum contacts" standards; however, the Rosenblit court discussed the distinguishing significance of the defendants' single transaction in Zartolas:
 In Zartolas, the defendants conveyed Connecticut real estate to the plaintiff by a warranty deed executed in Iowa. . . . CT Page 11284 We noted that the "execution of a warranty deed pursuant to a sale of real property was a legal act of a most serious nature.' That `the defendants' purposeful Connecticut related activity suffices to locate this transaction . . . within this state.". . . .
 By owning land in Connecticut the defendants invoked the benefits and protection of Connecticut's laws of real property. . . . If the defendants breached their warranties, the breach occurred because of acts committed here in Connecticut. The warranties in the deed clearly anticipate litigation in Connecticut, which is the only forum that can determine title to Connecticut land.
(Emphases in original.) (Citations omitted.) Rosenblit v. Danaher, supra, 139.
Zartolas is distinguishable from the present case, because the present case does not involve the conveyance of Connecticut real property by warranty deed.
Plaintiff also cites Connecticut State Treasurer v. Raymond James Associates, 4 CSCR 226, 228 (February 2, 1989, Spada, J.), for the proposition that the execution of the contracts in Connecticut satisfies the "minimum contacts" standard. "The defendants, based on their alleged contracts within this state, should have reasonably anticipated that they might come within the jurisdiction of this court." (Emphasis added.) Id. This holding does not compel the conclusion that a defendant who enters into a single contract in Connecticut meets the "minimum contacts" standard.
CONCLUSION
For the reasons stated above, defendant Weiss has not transacted business within the state, and that minimum contacts do not exist between defendant Weiss and Connecticut. Accordingly, the court lacks personal jurisdiction over defendant Weiss and the motion to dismiss should be granted. Since defendant Weiss should prevail on the ground of lack of personal CT Page 11285 jurisdiction, the court does not need to address defendant Weiss' other grounds for the motion to dismiss.
Philip R. Dunn, J.