[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this personal injury action each move to dismiss the complaint pursuant to Conn. P.B. 142 et seq. on the grounds that service was not properly made upon them so that the court lacks jurisdiction over the person of each defendant.
The claimed insufficiencies are different for each defendant, so that each will be addressed separately.
The Defendant Stephen Bradford
The writ of summons in this matter is directed only to William Bradford not to Stephen Bradford, and the sheriff's return makes clear that "the special direction of the Plaintiff's Attorney" was only to serve William.
A writ of summons is a statutory prerequisite to the commencement of a civil action. Conn. Gen. Stat. 52-45a. Conn. P.B. 49. It constitutes a command to a duly authorized officer to summon a specific defendant to appear in court on or before a specific day to respond to the complaint. See, Village Creek Homeowners Assn. v. Public Utilities Commission, 148 Conn. 336,338-39 (1961). The plaintiff here has failed, through the use of the required form of the writ of summons (Form 103.1: JD-CV-1) or through any direction to a proper officer in the body of the complaint, to comply with the mandatory requirement for summoning the defendant Stephen Bradford to appear in this matter. See, Hillman v. Greenwich, 217 Conn. 520, 524-527 (1991).
Thus, the court lacks jurisdiction over Stephen Bradford, Hillman, supra, and as to him this matter is dismissed.
The Defendant William Bradford
The writ of summons properly directs the sheriff to summon William Bradford to defend the action. William Bradford alleges CT Page 5320 he was improperly served because he was not served in hand and he did not reside at 12 Pine Meadow Lane, Prospect, on April 10, 1992, when the sheriff made abode service. In support of this William Bradford submits an affidavit of his father that William did not reside in Prospect when the complaint was served, but rather was residing at his active duty post at the United States Military Academy in West Point, New York. The plaintiff contends that William had previously resided at 12 Pine Meadow Lane; that he is no more than away at college, albeit West Point; that he maintains the Prospect address for purposes of voter, motor vehicle operator, and automobile registration; and that he still gets his mail there.
There exists a disputed issue of fact, namely whether William Bradford's usual place of abode was 12 Pine Meadow Lane, Prospect, on the date of service, April 10, 1992. The better practice, rather than attempting to evaluate-affidavits and unsworn assertions of counsel is to conduct an evidentiary hearing as was urged by plaintiff's counsel at oral argument. See, Garden Mutual Benefit Assn. v. Levy 37 Conn. Sup. 790 (Ap. Sess. 1981).
Therefore, the court declines to rule at this time on the dismissal as to William Bradford, pending an evidentiary hearing which shall be specially assigned for Monday, June 14, 1993, at 12:00 noon.
Counsel are directed to appear prepared to offer relevant evidence.
The Motion to Dismiss is granted as to Stephen Bradford only and continued to June 14 for further proceedings as to William Bradford.
PATTY JENKINS PITTMAN, J.