[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The legal sufficiency of one or more counts of a complaint may be challenged with a motion to strike. Practice Book § 152;Novametrix Medical Systems, Inc. v. BOC Group, Inc., 225 Conn. 210,214-15, 618 A.2d 25 (1992). The allegations of the complaint must be construed in the light most favorable to the nonmovant. Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra.
The defendant argues that counts one and two of the second amended complaint should be stricken because the defendant does not have standing to bring an action for a commission where he has alleged he is a licensed real estate salesman without CT Page 5541 alleging that he was working for a licensed broker.
The plaintiff argues that General Statutes § 20-325a only requires that the plaintiff allege that he was licensed to bring this action.
In order to recover for a real estate commission, the plaintiff must be a licensed real estate broker or salesman.Kingsley v. Sadi International Co., 5 Conn. App. 76, 77,496 A.2d 986 (1985).
A "real estate salesman" is defined as "a person affiliated with any real estate broker as an independent contractor or employed by a real estate broker to list for sale, sell or offer for sale, to buy or offer to buy or to negotiate the purchase or sale or exchange of real estate." General Statutes § 20-311(2). Both real estate brokers and salesmen must be licensed. General Statutes § 20-312 (a).
General Statutes § 20-325a provides in relevant part:
 (a) No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state . . . to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter.
General Statutes § 20-325a does not distinguish between brokers and salesmen regarding filing an action to recover a commission arising out of a real estate transaction. Furthermore, the term "real estate salesman" includes the requirement that the salesman work for a licensed broker. Consequently, the plaintiff has pleaded a legally sufficient claim by alleging that he is a licensed salesman.
Accordingly, the defendant's motion to strike counts one and two of the plaintiff's complaint is denied.
SYLVESTER, J. CT Page 5542