[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1431-N
The plaintiffs, Prime Time Leasing Services, Inc. (Prime Time), and Christopher Downey filed a two-count complaint against the defendant, Rit Leasing, Inc. (Rit) alleging a contract and tort action arising from an automobile lease. On October 17, 1995, the defendant filed a motion (#102) to dismiss with an affidavit by the vice president of the defendant, claiming lack of personal jurisdiction. The plaintiffs filed an affidavit by the plaintiff corporation's president. The defendant is a New York corporation with its principal place of business in Floral Park, New York. The plaintiff, Prime Time, is a Connecticut corporation, and Downey is a Connecticut resident.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machinery Inc. v.State, 190 Conn. 212, 217, 549 A.2d 1031 (1983).
A challenge to personal jurisdiction over a nonresident foreign corporation requires a two-part inquiry. First, the court must decide whether the applicable long-arm statute authorizes the exercise of jurisdiction. Second, the court must decide if the assertion of jurisdiction would offend due process. Frazer v.McGownan, 198 Conn. 243, 246, 502 A.2d 905 (1986); Lombard Bros.,Inc. v. General Asset Management Co., 190 Conn. 245, 250,460 A.2d 481 (1983).
The plaintiffs argue that the tort occurred in Connecticut, and pursuant to General Statutes § 33-411 (c)(4) it may exercise jurisdiction over the defendant. The complaint alleges that the defendant "willfully and wrongfully attempted to re-possess the vehicle in question," and such actions "exceeded all bounds usually tolerated by decent society and caused Mr. Downey emotional distress." (Complaint, ¶¶ 11-12.) The defendant argues that it had a legal right to repossess the vehicle because of a default provision in the lease. A motion to dismiss, however, is not the proper forum to rule on the merits of the complaint as the defendants would have the court do. Accordingly, the complaint CT Page 1431-O alleges that a tort was committed in Connecticut, and therefore the court has jurisdiction pursuant to General Statutes § 33-411 (c)(4).
As to count one the defendant argues that it does no business in Connecticut, it is not registered with the Secretary of the State as a foreign corporation in Connecticut, it did not enter into a lease agreement with Downey, and has no connection with Connecticut, beyond registering the vehicle in question in Connecticut. According to the complaint, Downey entered into a lease agreement with the defendant which provided Downey an option to purchase the vehicle. (Complaint, ¶ 4.) In October 1992, Downey and Prime Time Leasing agreed that Prime Time Leasing would purchase the vehicle from Rit Leasing on behalf of Downey, all three parties agreed on a price and Prime Time Leasing tendered the price to the defendant, who cashed the check. (Complaint, ¶ 5-7.) The defendant now refuses to turn over the title. (Complaint, ¶ 9.) The affidavit of the defendant's vice president states that the defendant purchased the rights, titles and interests to the lease in question from Atlease, Inc., which had negotiated the original lease with Downey, and made no agreement as to a purchase price of the lease with Prime Time Leasing. (Affidavit of Carol Valente, ¶ 4, 11.) The affidavit submitted by the plaintiff contradicts the defendant's on the issue of whether there was an agreement of a purchase price. "Affidavits which disclose genuine issues of material fact cannot resolve the factual disputes raised by them."Garden Mutual Benefit Assn. v. Levy, 37 Conn. Sup. 790,792, 437 A.2d 141 (1981). The court at this time cannot determine the issue of a purchase price, but the defendant does not dispute that it negotiated to sell the lease.
It appears that Rit assumed all the rights, interests and obligations to the lease, essentially stepping into the shoes of the assignor, and therefore entered into a lease agreement with Downey. Mall v. LaBow, 33 Conn. App. 359, 635 A.2d 871, cert. denied, 229 Conn. 912, 642 A.2d 1208 (1993). Furthermore, the defendant serviced the lease until the lease terminated. Therefore it received the monthly payments for Downey, and accepted a check from Prime Time Leasing. Rit Leasing negotiated the sale of the lease to Prime Time Leasing.
The defendant asserts that it has jurisdiction pursuant to General Statutes § 33-411 (b), but then quotes language for § 33-411 (b and (c). General Statutes § 33-411 (c) provides, in pertinent part, "[e]very foreign corporation shall be subject to suit in this state, by a resident of this CT Page 1431-P state . . . whether or not such foreign corporation is transacting or has transacted business in this state . . . on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state."
Whether or not a contract was formed between Prime Time and Rit Leasing, a contract was made in Connecticut by Downey to lease a vehicle (Affidavit of Michael Inzitari, ¶ 6). Rit Leasing assumed the rights and obligations of the contract. The contract was performed in Connecticut in that Downey kept the car in Connecticut, drove it in Connecticut, and paid monthly premiums. It has been held that a plaintiff's payment of premiums from Connecticut to an out-of-state insurer was considered "actual and substantial performance of the terms of the contract" pursuant to General Statutes § 33-411 (c)(1). TelescoOilfield Services Inc. v. Skandia Insurance Company, Ltd.,656 F. Sup. 753, 757 (D.Conn. 1987). Accordingly, pursuant to General Statutes § 33-753-411 (c)(1), the court may exercise personal jurisdiction over the defendant.
Lastly, Rit claims that the plaintiffs have not met their burden of proving they have minimal contacts within Connecticut so that the maintenance of the law suit would not offend "traditional notions of fair play and substantial justice."International Shoe Co. v. Washington, 326 U.S. 310
(1945); Shaffer v. Heitner, 433 U.S. 186 (1977);Lombard Bros. Inc., supra, 190 Conn. 245. "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United StatesTrust Co. v. Bohart, 1987 Conn. 34, 41, 495 A.2d 1034
(1985). The defendants could have reasonably foreseen being haled into court in Connecticut because the car was leased, driven and garaged in Connecticut. The defendant received payment from Downey in Connecticut, and negotiated to sell the lease in Connecticut. In order to repossess the car in the event of default the defendants would have had to, and allegedly attempt to repossess the car in Connecticut. Moreover, an action to enforce the lease must be brought in Connecticut. See General Statutes § 51-345 (d); Federal Debt Collection Act15 U.S.C. § 1692i(2).
Accordingly, the motion to dismiss is denied.
So Ordered. CT Page 1431-Q
Dated at Stamford, Connecticut, this 6th of February,
William Burke Lewis, Judge