[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#104)
FACTS
On March 20, 1995, the plaintiff, Peter J. Pettey filed a two count complaint sounding in breach of contract and conversion against the defendant, Group 44, Inc. The plaintiff alleges the following facts. The defendant is a Virginia corporation with its principal place of business in Virginia. At various times between 1988 and 1990, the parties communicated by telephone and letter concerning the purchase or consignment of several automobiles of the plaintiff. In the spring of 1989, the defendant visited Connecticut in the attempt to inspect the vehicles and discuss specific terms for their sale. On November 27, 1989, the defendant wrote to the plaintiff offering to purchase the vehicles. The defendant again visited the plaintiff in May of 1990 and the parties entered into a contract where the plaintiff would consign five automobiles to the defendant to be restored and sold and the defendant would then share the proceeds of the sales with the plaintiff. The defendant then took possession of the vehicles, signed a receipt for them and returned to Virginia and has not had contact with Connecticut since with regards to this matter.
The defendant filed a motion to dismiss based on the lack of personal jurisdiction on August 7, 1995. The defendant contends that General Statutes § 33-411(c) does not confer jurisdiction over the defendant and even if the statute was satisfied, jurisdiction fails under the "minimum contacts" test and due process analysis. As required by Practice Book § 155, the defendant filed a memorandum in support of its motion to dismiss and the plaintiff filed a memorandum and supporting affidavit in opposition on CT Page 1412-CC October 31, 1995.
"A motion to dismiss . . . has replaced the plea in abatement as the vehicle for challenging the court's jurisdiction . . . ."Concept Associates, Ltd. v. Board of Tax Review, 229 Conn. 618,625, 642 A.2d 1282 (1994). The motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . ." (Citation omitted; emphasis in original; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). When a motion to dismiss "does not seek to introduce facts outside the record it is equivalent to [the] former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983). The court must "consider the allegations of the complaint in their most favorable light." Reynolds v. Soffer,183 Conn. 67, 68, 438 A.2d 1163 (1981).
"When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corp.v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983). "[W]here . . . the motion is accompanied by affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). "Affidavits which disclose genuine issues of material fact cannot resolve the factual disputes raised by them. . . . A judicial determination of such issues must then be made." (Citation omitted.) Garden Mutual Benefit Assn. v.Levy, 37 Conn. Sup. 790, 792, 437 A.2d 141 (1981). "[A] trial court may exercise jurisdiction over a foreign defendant only if the defendant's intrastate activities meet the requirements both of [the Connecticut long-arm] statute and of the due process clause of the federal constitution." Thomason v. Chemical Bank, 234 Conn. 281,286, 661 A.2d 595 (1995).
The plaintiff claims jurisdiction under General Statutes §§ 33-411(c)(1) and (c)(2) which state: "Every foreign corporation shall be subject to suit in this state, by a resident of this state . . ., whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is CT Page 1412-DD engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state . . . ." General Statutes § 33-411(c). The defendant argues that neither § 33-411(c)(1) or § 33-411(c)(2) authorize jurisdiction.
The plaintiff contends that the numerous direct telephone calls and written correspondence to his home communicating offers by the defendant satisfy the solicitation provisions of § 33-411(c). Section 33-411(c)(2) confers jurisdiction if the corporation has solicited business and "repeatedly so solicited business." (Emphasis added.) Solicitation has been interpreted in the context of commercial advertising. In Lombard Bros., Inc. v.General Asset Management Co., 190 Conn. 245, 460 A.2d 481 (1983), the court found that the defendant's conduct of sporadic newspaper advertisements could not be characterized as repeated solicitation of business. Id., 257. The court in Thomason v. Chemical Bank,234 Conn. 281, 661 A.2d 595 (1995) found that systematic advertising in newspapers constituted repeated solicitation for purposes of § 33-411(c)(2). Id., 298.
The defendant did not advertise to solicit business but contacted the plaintiff directly with an offer to engage in a business venture. The plaintiff has not alleged that the defendant repeatedly solicits business in Connecticut through direct phone calls and letters to potential consumers. Section 33-411(c)(2) does not confer jurisdiction over the defendant because the defendant does not satisfy the solicitation requirements of the long arm statute.
Section 33-411(c)(1) would authorize jurisdiction if the contract was made or to be performed in Connecticut. It is uncontested that a contract existed between the parties. The defendant maintains that the contract was made in Virginia over the telephone. The plaintiff argues that the contract was executed when the defendant's agent signed the delivery receipt in Connecticut.
Section 33-411(c)(1) "must be read to authorize the assertion of jurisdiction in every instance where a cause of action arises out of a contract made or to be performed [in Connecticut] so long as there are sufficient total contacts to meet constitutional CT Page 1412-EE requirements." Combustion Engineering Inc. v. NEI InternationalCombustion Ltd., 798 F. Sup. 100, 104 (D.Conn. 1992). "`[A] contract is made when and where the last thing is done which is necessary to create an effective agreement.'" Hagar v. Zaidman,797 F. Sup. 132, 136 (D.Conn. 1992), quoting Electric RegulatorCorporation v. Sterling Extruder Corp., 280 F. Sup. 550 (D.Conn. 1968). "[W]here the contract `contemplated and required' performance in the state by [the] plaintiff, [the] defendant . . . [is] subject to jurisdiction under § 33-411(c)(1)." Coan v. BellAtlantic Systems Leasing Intern., Inc., 813 F. Sup. 929, 944 (D. Conn. 1990).
The parties had an oral, unilateral contract. The plaintiff needed to deliver the automobiles to bind the defendant to the terms. The delivery of the vehicles occurred in Connecticut. The defendant took possession of the vehicles in Connecticut. The plaintiff's delivery of the automobiles was contemplated and required performance under the contract. General Statutes § 33-411(c)(1) authorizes jurisdiction over the defendant because the contract was made in Connecticut and required the plaintiff's performance within this state.
"[T]he long arm statute authorizes the exercise of jurisdiction if such an exercise comports with the principles of due process." Thomason v. Chemical Bank, supra, 234 Conn. 299. "The federal due process clause permits state courts to exercise in personam jurisdiction over a nonresident corporate defendant that has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted.)Thomason v. Chemical Bank, supra, 234 Conn. 287. "A plaintiff need only demonstrate that the defendant could have reasonably have anticipated being haled into court . . . in Connecticut and that the plaintiff's cause of action is not materially different from an action that might have resulted directly from [the contacts]." Id., 296.
"The key is not the contract itself but the attendant circumstances — the `prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, that must be evaluated." Burger KingCorp. v. Rudzewicz, 471 U.S. 462, 478-79, 105 S.Ct. 2174,85 L.Ed.2d 528 (1981). An additional inquiry is whether "defendants conduct and connections with the forum state are such that he should reasonably anticipate being haled into court there." CT Page 1412-FFWorld-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297,100 S.Ct. 559, 62 L.Ed.2d 49 (1980). "It is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazer v. McGowan, 198 Conn. 243, 249, 502 A.2d 905 (1986). In Bowman v. Grolsche Bierbrouwer., B.V., 474 F. Sup. 725, 732 (D. Conn. 1979), the court found that the Norwegian defendant's two trips to Connecticut by company representatives, the contract and advertising by the defendant sufficient minimum contacts.
The defendant made two trips to Connecticut. On one trip, it inspected the vehicles and secured the contract with the plaintiff and the other it received the automobiles. Prior to the latter trip, the defendant telephoned and wrote to the plaintiff repeatedly in an attempt to secure the contract. While physically in the state, the defendant entered into the contract. The plaintiff also submitted an uncontested affidavit demonstrating that the defendant had its logo displayed in Connecticut which can be characterized as advertising. The plaintiff has shown sufficient minimum contacts by the defendant so as not to offend due process. Additionally, it is reasonably foreseeable that the defendant, who contracted with a Connecticut resident on its own initiative in Connecticut, would be subject to Connecticut jurisdiction to defend against any action regarding the contract.
General Statutes § 33-411(c)(1) authorizes jurisdiction over the defendant corporation. Such jurisdiction does not offend due process and "minimum contacts" analysis because the defendant had satisfactory contacts with Connecticut and should have reasonably foreseen that any action on that contract brought by the plaintiff would be in Connecticut. Therefore, the defendant's motion to dismiss, based on the lack of personal jurisdiction, is denied.
PICKETT, J.