[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS £ 105
The plaintiff, John Koslosky, appeals the order and decree of the Probate Court on June 21, 1999, that empowers the defendant, First National Bank (First National), executor of the estate of J. Howard Carter, to sell and convey the real property located at 240 Echo Lake Road, Watertown, Connecticut at private sale to John P. Moskaluk and Maryellen Moskaluk for $65,000.[1]
The plaintiff alleges that First National offered the property for sale and filed an application to sell real property with the Probate Court for the district of Watertown. First National obtained an offer from the Moskaluks to purchase the property for $65,000. The plaintiff alleges that despite his offer to purchase the property for a substantially greater amount of money, First National filed the application to sell with the Probate Court on June 1, 1999. At the hearing on the application to sell, the plaintiff advised First National and the Probate Court that he was ready, willing and able to purchase the real property immediately and presented the parties with a certified check for $10,000. Over the plaintiff's objections, the court granted First National's application and approved the sale to the Moskaluks on June 21, 1999. First National moves to dismiss on the ground that the plaintiff is not a "person aggrieved" within the meaning of General Statutes § 45a-186 (a) and that the court therefore lacks CT Page 3935 subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531. 544,590 A.2d 914 (1991). "The grounds which may be asserted in [a motion to dismiss] are [inter alia] (1) lack of jurisdiction over the subject matter; [and] (2) lack of jurisdiction over the person. . . ." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 10-31.
"A ruling on a motion to dismiss is neither a ruling on the merits of the action; Amore v. Frankel, 29 Conn. App. 565,570-71, 616 A.2d 1152 (1992), cert. granted, 225 Conn. 904,621 A.2d 286 (1993); nor a test of whether the complaint states a cause of action. Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993); see Practice Book [§ 10-31]. [Rather,] [m]otions to dismiss are granted solely on jurisdictional grounds. Caltabiano v. Phillips, 23 Conn. App. 258, 265,580 A.2d 67 (1990); see Practice Book [§ 10-31.]" Discover Leasing, Inc.v. Murphy, 33 Conn. App. 303, 306-07, 635 A.2d 843 (1993). "It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli Inc. v. Branford, 247 Conn. 407, 410,722 A.2d 271 (1999).
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." Malasky v. MetalProducts Corp. , 44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539 (1997). However, if there is a disputed issue of material fact, which cannot be decided solely on the submitted affidavits, then an evidentiary hearing is required. See Garden Mutual Benefit Assn. v. Levy,37 Conn. Sup. 790, 791-92, 437 A.2d 141 (1981).
"Aggrievement is a jurisdictional necessity, without which the Superior Court cannot hear the appeal, and the action is void."Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478, 483, CT Page 3936338 A.2d 497 (1973). "The trial court does not have subject matter jurisdiction to hear an appeal from probate unless the person seeking to be heard has standing. Appeal from Probate ofBencivenga, 30 Conn. App. 334, 337, 620 A.2d 195, cert. denied,225 Conn. 919, 625 A.2d 821 (1993). In order for an appellant to have standing to appeal from an order or decree of the Probate Court, the appellant must be `aggrieved' by the court's decision. General Statutes § 45a-186. Eristoy's Appeal From Probate,216 Conn. 514, 519, 582 A.2d 760 (1990); Appeal from Probate ofBencivenga, supra, 30 Conn. App. 337. Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. Erisoty's Appeal from Probate,
supra, 216 Conn. 519; see also Merrimac Associates, Inc. v.DiSesa, 180 Conn. 511, 516, 429 A.2d 967 (1980). The question of [aggrievement] does not involve an inquiry into the merits of the case." Kucej v. Kucej, supra, 34 Conn. App. 581-82, 642 A.2d 81
(1994).
"[T]he claim that to be aggrieved a plaintiff must have a pecuniary interest is too narrow a test to apply to appeals from probate. Stanley v. Stanley, 175 Conn. 200, 202, 397 A.2d 101
(1978); see Gaucher v. Estate of Camp, supra, 201; HartfordKosher Caterers Inc. v. Gazda, supra, 484; see also 1 Locke Kohn, Conn. Probate Practice 188. Instead, the existence of aggrievement depends upon whether there is a possibility, as distinguished from a certainty, that some legally protected interest which [an appellant] has in the estate has been adversely affected. O'Leary v. McGuiness, 140 Conn. 80, 83,98 A.2d 660 (1953); see Gaucher v. Estate of Camp, supra, 401; Hartford Kosher Caterers Inc. v. Gazda, supra, 486. Moreover, it must appear that the interest which is adversely affected is a direct interest in the subject matter of the decree from which the appeal is taken." Bridgeport v. Steiber, 143 Conn. 720, 722,126 A.2d 823 (1956); Williams v. Houck, 143 Conn. 433, 433,123 A.2d 177 (1956); Weidlich v. First National Bank Trust Co.,139 Conn. 652, 656, 96 A.2d 547, cert. denied, 346 U.S. 826,74 S.Ct. 45, 98 L.Ed. 351 (1953) (Internal quotation marks omitted.)Merrimac Associates, Inc. v. DiSesa, supra, 180 Conn. 516.
First National argues that the present action must be dismissed on the ground that the court lacks subject matter jurisdiction because the plaintiff is not a "person aggrieved" pursuant to General Statutes § 45a-186 (a) and accordingly lacks standing to pursue this probate appeal. First National argues that the CT Page 3937 plaintiff has received a specific bequest under the decedent's will that has been paid in full. First National argues that the plaintiff never submitted a written offer to purchase the property. Further, the plaintiff did not receive oral assurances that any offer he may have submitted was acceptable to the estate. First National also argues that the plaintiff was not denied due process because he was present at the Probate Court hearing and did not submit a written offer to purchase the property.
First National attached the affidavit of Sharon A. Pilz, Vice President of the trust department of First National Bank of Litchfield, to its motion to dismiss, which states the following. The gas station located on the property caused certain environmental problems that were brought to the attention of the State of Connecticut Department of Environmental Protection (DEP), which formulated an appropriate remediation plan for the property. In light of the long standing relationship between the plaintiff and the decedent, First National provided the plaintiff with an opportunity to submit an offer to purchase the decedent's property from the estate. Further, the plaintiff never submitted a written offer to purchase the property to the estate and by the end of November 1998, First National began to market the property for sale.
Pilz states that First National and the Moskaluks negotiated for the purchase of the property and executed a written purchase agreement for $65,000, subject to the approval of the Probate Court. Further, the agreement provides that the Moskaluks would assume responsibility for the remediation to the satisfaction of the DEP. The plaintiff and his legal counsel appeared at the probate hearing on the application to sell the property. The plaintiff did not submit a written offer to purchase the property at the hearing. The plaintiff orally indicated that he was willing to purchase the property and prepared to tender a certified check for $10,000. The beneficiaries of the estate in attendance at the hearing urged the Probate Court to approve the sale to the Moskaluks. On June 21, 1999, the Probate Court approved the sale of the property to the Moskaluks. Finally, Pilz states that the plaintiff was left a specific bequest of $10,000 in the decedent's will, which has been fully paid to the plaintiff.
The plaintiff argues in opposition to the motion to dismiss that he has a legitimate interest in the probate appeal because CT Page 3938 he is a beneficiary under the decedent's will. Further, the plaintiff argues that he has a claim pending against the property where he has resided since the 1940's and was promised the property by the decedent prior to his death. The plaintiff argues that he is more than a casual unsuccessful bidder and therefore has standing to pursue the present probate appeal as an aggrieved person.
At the hearing on the present motion to dismiss, the plaintiff introduced his own affidavit (Exhibit A), which states that he attended the probate hearing for the estate of Howard Carter on June 21, 1999. The affidavit states that the plaintiff offered to purchase the property without contingencies and subject to the DEP remediation plan for $75,000. The affidavit further states that when the plaintiff informed the presiding judge of his age, the judge replied "[w]hy would a person your age want a garage property?" (Plaintiff's Exhibit A). The plaintiff states in his affidavit that the judge made. it clear, by his questions and demeanor, that because he was in his seventies, he was not allowed to purchase the property.
In addition to oral argument on the present motion on December 17, 1999, a prejudgment remedy hearing was held on December 3, 1999, on the separate action pending in Waterbury Superior Court. Counsel for both parties stipulated that the court should utilize the testimony and evidence presented in the prejudgment hearing to address the present motion to dismiss. (Tr. 12/3, p. 2).
The evidence offered at the prejudgment remedy hearing is as follows. The subject property consists of a gas station and a five room apartment building where the plaintiff resided since 1949. (Tr. 12/3, p. 5). The plaintiff testified that Carter promised to leave the property to him as compensation for his work at the gas station, and personal services for Carter when he became ill. (Tr. 12/3, p. 8). The plaintiff testified that when performing these services for Carter, he relied on Carter's representations that the property would be given to him. (Tr. 12/3, p. 9). Ultimately, Carter did not devise the property to the plaintiff in his will, instead the plaintiff received a specific bequest of $10,000. (Tr. 12/3, p. 8, 37). When the plaintiff discovered that he would not receive the gas station property, he went to Probate Court to object to the admission of the will. (Tr. 12/3, p. 38).
The plaintiff testified that a lawyer contacted him regarding CT Page 3939 an offer to purchase the property for $150,000. (Tr. 12/3, p. 39) The plaintiff subsequently learned that the price was lowered to $65,000 and he was never made an offer to buy the property at that price. (Tr. 12/3, p. 39). The plaintiff understood that the person purchasing the property for $65,000 was buying it subject to the DEP remediation plan. (Tr. 12/3, p. 39-40). The plaintiff testified that he was willing to spend one hundred thousand dollars or more to correct the problems on the land. (Tr. 12/3, p. 40).
The plaintiff also learned that there was a Probate Court hearing pending to approve the sale of the property for $65,000. (Tr. 12/3, p. 12). The plaintiff attended the hearing, made an oral offer of $75,000 without contingencies and presented a certified check for $10,000. (Tr. 12/3, p. 12, 14, 40). The plaintiff never submitted a written proposal to purchase the property and First National rejected the plaintiff's oral offer. (Tr. 12/3, p. 12-13, 40).
"The general rule is that a disappointed bidder lacks standing to commence a legal action." Bishop v. Bordonaro,20 Conn. App. 58, 60, 563 A.2d 1049 (1989). "In probate matters, however, a much broader base of aggrievement is created by General Statutes [§ 45-186 (a)]." Id. General Statutes § 45a-186 (a) provides in pertinent part, that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specifically provided by law, may appeal therefrom to the Superior Court." General Statutes § 45a-186 (a). "While one who bids upon the property of an estate offered for sale has no interest in the property itself, he does have an interest in the proceedings employed by the court to approve the sale." MerrimacAssociates, Inc. v. DiSesa, supra, 180 Conn. 517-18.
The question of aggrievement does not involve an inquiry into the merits of the case. Although the plaintiff, as a bidder, does not have a pecuniary interest in the property, he does have an interest in the proceedings employed by the Probate Court to approve the sale. See Merrimac Associates, Inc. v. DiSesa, supra180 Conn. 517-18. However, the plaintiff was not denied due process because he was present at the probate hearing and was given a fair opportunity to submit a written offer to purchase the property. Accordingly, the defendant's motion to dismiss is granted because the plaintiff is not a person aggrieved under General Statutes § 45a-186(a) and therefore lacks standing to appeal the order and decree of the Probate Court. CT Page 3940
LEHENY, J.